Thiago Coelho, SBN 324715
thiago@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

TYLER J. WOODS, SBN 232464
E-Mail twoods@fisherphillips.com
LAUREN STOCKUNAS, SBN 316800
E-Mail lstockunas@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT DESALVO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>YOSHINOYA AMERICA, INC. a Delaware corporation; and Does 1 to 10, inclusive,<br><br>                    Defendants. | Case No. 2:20-cv-00676-JFW-SK<br><br>*Honorable Judge John F. Walter and Honorable Magistrate Judge Steve Kim*<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR: (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES**<br><br>Date:          March 15, 2021<br>Time:          1:30 p.m.<br>Courtroom:  7A<br><br>Complaint Filed:   January 22, 2020 |

PLEASE TAKE NOTICE THAT on March 15, 2021, at 1:30 p.m., or at such other date and time as may be ordered by the Court, in Courtroom 7A of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Brett DeSalvo (herein "Plaintiff" or "Named Plaintiff"), on his own behalf and on behalf of the classes he represents, and Defendant Yoshinoya America, Inc. ("Defendant"), will and hereby jointly do move for entry of an order:

1.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, preliminarily approving the proposed Class Action Settlement Agreement and Release that is attached as Exhibit 1 to the accompanying Memorandum of Points and Authorities (the "Settlement Agreement");

2.    Pursuant to Rules 23(c) and 23(g) of the Federal Rules of Civil Procedure: (a) certifying the two settlement classes; (b) appointing Wilshire Law Firm as class counsel of these classes ("Class Counsel"); and (c) appointing Named Plaintiff as class representative, all conditioned on the Court's final approval of the Settlement Agreement;

3.    Pursuant to Rules 23(b) and 23(d) of the Federal Rules of Civil Procedure, approving the proposed Notice of Proposed Settlement of Class Action and Fairness Hearing that is attached as Exhibit A to the Settlement Agreement;

4.    Pursuant to Rules 23(b) and 23(d) of the Federal Rules of Civil Procedure, approving the method of notice set forth in, among other places, the Settlement Agreement; and

5.    Pursuant to Rules 23(d) and 23(e) of the Federal Rules of Civil Procedure, establishing a date and time for a hearing on final approval of the Settlement Agreement and its fairness and the preceding submission of any objections or notices of intent to appear at such a hearing.

These motions are based on this notice of motion and motion, the accompanying memorandum of points and authorities and the exhibits to that brief, the papers and

pleadings on file with the Court in this matter, and such other and further matters as may be brought to the Court's attention at or before the hearing of the motions.

Dated: February 12, 2021                    **WILSHIRE LAW FIRM**

                                            By:*/s/Thiago Coelho*_____
                                                 Thiago Coelho
                                                 Attorneys for Plaintiff
                                                 BRETT DESALVO

Dated:  February 12, 2021                    **FISHER & PHILLIPS LLP**

                                            By:  */s/ Tyler J. Woods*_____
                                                 Tyler J. Woods
                                                 Lauren Stockunas
                                                 Attorneys for Defendant
                                                 YOSHINOYA AMERICA, INC.

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES .........................................................................iii

I.      INTRODUCTION .................................................................................1

II.     PROCEDURAL BACKGROUND .......................................................2

        A.      Procedural History .................................................................2

        B.      Parties .....................................................................................2

        C.      The Terms of the Settlement .................................................3

                1.      Proposed Classes.........................................................3

                2.      Relief to be Provided to Settlement Classes ............3

                3.      Notice of Settlement to Class Members. ..................5

                4.      Final Approval and Fairness Hearing. ......................6

III.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL TO THE PROPOSED SETTLEMENT ...........................................................7

        A.      Standard for Determining Fairness, Adequacy, and Reasonableness of a Proposed Settlement...........................7

                1.      Strength of Plaintiff's Case ......................................7

                2.      Risk, Expense, Complexity, and Likely Duration of Further Litigation............................................................9

                3.      Relief Offered in Settlement ....................................10

                4.      Arm's Length, Non-Collusive, Negotiated Resolution .............9

                5.      Experience and Views of Counsel, and Plaintiff and Counsel's Adequate Representation of the Class ...................................11

                6.      The Settlement has no Obvious Deficiencies ..........................12

        B.      The Proposed Method of Distributing Relief and Processing Class-Member Claims is Adequate.................13

        C.      The Agreement Treats Class Members Equitably Relative to Each Other.....................................................................14

IV.     THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASSES .........................................................15

        A.      Numerosity .........................................................................15

        B.      Common Questions of Law or Fact ....................................17

        C.      Typicality ............................................................................17

        D.      Adequacy of Representation ...............................................18

        E.      Rule 23(b)(2) Requirements................................................19

        F.      Rule 23(b)(3) Requirements................................................19

V.      THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF NOTICE .....................................................20

VI.     CONCLUSION ...................................................................................21

EXHIBIT 1 ..................................................................................................................19

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
  913 F. Supp. 2d 964 (E.D. Cal. 2012) ........................................................... 8, 10

*Barbosa v. Cargill Meat Sols. Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) .................................................................... 9, 10

*Churchill Village LLC v. General Electric*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................... 17

*Dunk v. Ford Motor Co.*,
  48 Cal. App. 4th 1794 (1996) .............................................................................. 13

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) (*overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)) ................................................................ passim

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ...................................................................... 6, 9, 12

*Maciel v. Bar 20 Dairy, LLC*,
  2018 WL 5291969 (E.D. Cal. 2018) ..................................................................... 11

*Mora v. Cal West Ag Services, Inc.*,
  2019 WL 2084725 (E.D. Cal. 2019) ..................................................................... 11

*N. Cty. Contractor's Assn. v. Touchstone Ins. Servs.*,
  27 Cal. App. 4th 1085, 33 Cal. Rptr. 2d 166 (1994) ............................................. 7

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ........................................................... 7, 8, 9, 10

*Navellier v. Sletter*,
  262 F.3d 923 (9th Cir. 2001) .............................................................................. 13

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ........................................................................ passim

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

1

2

*Rodriguez v. W. Publ'g Corp.*,
 563 F.3d 948 (9th Cir. 2009) ...............................................................................10

3

*Util. Reform Project v. Bonneville Power Admin.*,
 869 F.2d 437 (9th Cir. 1989) .................................................................................7

4

5

*Van Lith v. iHeartMedia + Entm't, Inc.*,
 No. 1:16-CV-00066 SKO, 2017 WL 1064662 (E.D. Cal. Mar. 20, 2017).........
 ...............................................................................................................8, 10, 11

6

7

8

*Wren v. RGIS Inventory Specialists*,
 No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011).................10

9

10

*Wright v. Linkus Enterprises, Inc.*,
 259 F.R.D. 468 (E.D. Cal. 2009) ...........................................................................7

11

**Statutes**

12

42 U.S.C. § 12102...................................................................................3, 15

13

14

Americans with Disabilities Act of 1990.....................................................passim

15

California Unruh Civil Rights Act.................................................................2, 8, 15

16

**Rules**

17

Rule 23 of the Federal Rules of Civil Procedure.............................................passim

18

19

20

21

22

23

24

25

26

27

28

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT
CLASS

# I.    INTRODUCTION

Plaintiff Brett DeSalvo, on his own behalf and on behalf of the classes he represents ("Plaintiff" or "Named Plaintiff") and Defendant Yoshinoya America, Inc. ("Defendant") (collectively, the "Parties") jointly submit this brief in support of their joint motions for: (i) preliminary approval of a class action settlement; and (ii) conditional certification of the settlement class on the terms set forth in their Class Action Settlement Agreement and Release (the "Settlement Agreement" or "Settlement").

The Parties respectfully submit that the Court should preliminarily approve the proposed Settlement Agreement, which would certify two (2) classes, provide monetary compensation in the form of an enhancement to the Named Plaintiff, and ensure that Defendant's Website (defined *infra*) and mobile applications are fully compliant with applicable law in the future.  When the benefits of the Settlement are weighed against the inherent risks of continued, protracted litigation, including potential defeat at certification, on the merits, or on appeal, it is clear that the Settlement is not only within a range of possible judicial approval, the standard at this stage, but is also **fair, adequate and reasonable**.

The proposed settlement is the product of arm's length negotiations between sophisticated Parties and reflects a considered and fully informed exercise of judgment by the Parties, in light of their perception of their rights and the costs, delay and uncertainty of litigation.  Consensual resolution of disputes of this nature has long been preferred, as the interested parties are in the best position to weigh the risks and benefits.  To this end, judicial review of class settlements has been characterized as limited to determining whether the settlement is the product of fraud, overreaching or collusion and is, on the whole, fair adequate and reasonable to all concerned. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  "[T]he court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1)

appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Estakhrian v. Obenstine*, No. CV 11-3480 FMO (CWX), 2016 WL 6517052, at *4 (C.D. Cal. Feb. 16, 2016) (internal citation omitted). The settlement proposed here should be approved, as it more than meets this standard.

## II. PROCEDURAL BACKGROUND

### A. Procedural History

This action was filed in this district on January 22, 2020, alleging violations of the Americans with Disabilities Act of 1990 (the "ADA") and the California Unruh Civil Rights Act (the "Unruh Act") based on Defendant's website, https://www.yoshinoyaamerica.com (the "Website") allegedly not being fully or equally accessible to blind and visually-impaired consumers in violation of the ADA. The Complaint requested injunctive relief, statutory damages, and attorneys' fees and expenses. After arm's length negotiations between counsel, the Parties agreed to a settlement. In agreeing to the Settlement, Plaintiff and Plaintiff's Counsel have considered: (i) the benefits to the members of the Settlement Class (as hereinafter defined) by the remediation plan taking place on the terms agreed to in the Settlement; (ii) the facts developed during investigation and informal discovery and the law applicable thereto; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the litigation; and (iv) the desirability of permitting the Settlement to be consummated according to its terms. Plaintiff and Plaintiff's Counsel believe that the Settlement is fair, reasonable and adequate and is in the best interests of Plaintiff and the Settlement Class.

### B. Parties

Plaintiff purports to be a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. He alleges he

encountered access barriers on the Website, which denied him "full and equal access" and continues to deter him from accessing the Website.

Defendant sells Japanese rice bowls and other foods, which it advertises via the Website, mobile applications and at its brick and mortar stores located throughout the United States.

### C.    The Terms of the Settlement

After formulating and agreeing on key terms of the Settlement, the Parties undertook the effort to reduce their understanding to a comprehensive Settlement Agreement and to prepare the papers necessary to seek Court approval of such a settlement.  The Settlement resolves the claims and defenses asserted in the litigation or covered by the Settlement Agreement in a way that avoids the cost and risk of further litigation and provides fair, adequate and reasonable modifications and assistive measures to enhance access to Website by individuals with disabilities.  For these reasons, articulated more fully below, the Court should grant the Parties' joint motion for preliminary approval of the class action settlement, and for conditional certification of the Settlement Classes.

### 1.    Proposed Classes

(a)    **Nationwide Class.**  All individuals who (a) have a disability, as that term is defined under the Americans with Disabilities Act, the "ADA" 42 U.S.C. §12102, and similar state and local disability laws, (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

(b)    **California Class.**  All individuals in the State of California who (a) have a disability, as that term is defined under the ADA and similar state and local disability laws, (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

### 2.    Relief to be Provided to Settlement Classes

(a) **Accessibility Measures and Modifications to the Website and Mobile Applications.** In consideration of the dismissal and release of all claims asserted in the Complaint, Defendant will perform the following affirmative steps to enhance accessibility for persons with disabilities on the Website and its mobile applications to the extent not already performed. Specifically, Defendant shall cause the modifications described in this Section II(C)(2)(a) and subject to the conditions and exceptions set forth in Sections XIV (Excused Performance) and XV (Force Majeure) of the Settlement Agreement, to be made to the Website and mobile applications within eighteen (18) months after the Court's approval of the Settlement ("Effective Date").

(i) <u>Website and Mobile Applications Modifications.</u> Defendant shall modify the Website and mobile applications to improve accessibility and to provide individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered through the Website and mobile applications by modifying the Website and mobile applications in accordance with WCAG 2.0 Level. The Parties further agree that Defendant can link to third-party websites and/or include third-party content on the Website and mobile applications (e.g., any web content that is dictated or generated by a third party and is not owned, coded, managed, and/or operated by the Released Parties [including, but not limited to, plug-ins, forms, PDF files, social media and YouTube© videos]), and nothing in the Settlement requires Defendant to undertake, to complete remediation for, or to be responsible or liable for any form of third-party content that is incorporated into the Website or mobile applications. The Parties agree that all other requested modifications as to the Website and any mobile application are not readily achievable or otherwise are not required.

(ii) <u>Diligence.</u> Defendant agrees to undertake diligent, good faith efforts to satisfy the deadlines listed in this Section (as set forth in Section II.B.2.a. of the Settlement Agreement). The Parties agree that Defendant will have

complied with the provisions of Section II of the Settlement Agreement as long as Defendant has undertaken diligent, good faith efforts to meet the referenced deadlines.

(iii)    <u>Intervening Legislation or Regulation</u>.  If legislation is passed modifying Title III of the ADA or if the DOJ or any other federal government entity promulgates final ADA Title III regulations regarding website accessibility during the time period for which modifications are to be made under this Section, this Agreement shall automatically, without further action by the Parties, be modified such that Defendant shall be required only to achieve compliance with the minimum requirements set forth in any such legislation or regulation within the timeframe for compliance set forth in such legislation or regulation.   The Parties shall meet and confer at the written request of either party to discuss whether modifications to the terms of this Settlement shall be made to be consistent with any such final statutes, regulations, or rules.

(b)    **Monetary Award and Attorneys' Fees**

(i)    The Settlement provides for an enhancement award of $2,500 for the Named Plaintiff as the Class Representative.

(ii)    Settlement provides for a $80,000.00 settlement fund to be paid by Defendant, which fund will, after deductions for attorneys' fees, litigation costs, costs of administration, and a service award for the Class Representative, be paid out to Class Members who make timely claims showing proof that they are indeed Class Members, in an amount which is proportional to the number of valid claimants, but which grants preference to claimants from California, and not to exceed $1,000.00 per claim.  The requirements for filing a claim shall be: (1) proof of legal blindness, and (2) a declaration setting forth the date of the declarant's visit to Yoshinoya's website within the Class Period and verifying that a barrier was encountered.

(iii)    Class Counsel may seek approval of attorneys' fees and taxable costs in the amount of $27,500.00, payable to Class Counsel from the

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

1    $80,000.00 settlement fund if approved by the Court.

2    **3.    Notice of Settlement to Class Members.**

3    Class Counsel will e-mail or mail a copy of the Notice of Pendency to each

4    individual known to Class Counsel to have a disability and to have expressed any

5    concerns similar to those which Named Plaintiff has alleged in his Complaint.

6    Additionally, Defendant will make reasonable efforts, and will bear the costs, to publish

7    the Notice in the next edition of the regularly-circulating publications of the National

8    Federation of the Blind, the American Council of the Blind, The American Foundation

9    for the Blind, National Association for the Deaf, and the Los Angeles Radio Reader

10   Service.  Counsel for the Parties shall distribute the Notice within fourteen (14) calendar

11   days after the Court enters the Preliminary Approval Order.  The failure of any Class

12   Members to receive the Notice shall not be a basis for invalidating the Settlement

13   Agreement or any order entered pursuant to the Settlement Agreement, and the

14   settlement shall nevertheless be binding upon all Class Members.

15   **4.    Final Approval and Fairness Hearing.**

16   At a date set by the Court, the Settlement Agreement contemplates that the Court

17   will hold a Final Approval and Fairness Hearing, and if the Settlement Agreement is

18   approved, enter an Order of Final Approval that shall: (a) dismiss the Complaint with

19   prejudice; (b) approve the Settlement, adjudging its terms to be fair, reasonable and

20   adequate, and direct consummation of its terms and provisions; and (c) permanently

21   enjoin all Class Members from presenting against the Released Parties (as defined by

22   the Settlement) any individual or Settlement Class claims that are released by the

23   Settlement Agreement or which were or could have been asserted in the Action.

24   ///

25   ///

26   ///

27   ///

28

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT
CLASS

## III.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL TO THE PROPOSED SETTLEMENT

### A.    Standard for Determining Fairness, Adequacy, and Reasonableness of a Proposed Settlement.

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any class action settlement.  In evaluating overall fairness of a proposed settlement, the court reviews the settlement "as a whole, rather than the individual component parts." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted) (*overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)); *see also Officers for Justice*, 688 F.2d at 625.  A determination of whether a proposed settlement is "fundamentally fair, adequate, and reasonable" requires:

> [A] balancing of several factors which may include, among others, **some or all** of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (emphasis added) (*citing Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).  These factors are not exhaustive, and this Court has a "wide discretion in assessing the weight and applicability of each factor."  *See DIRECTV, Inc.*, 221 F.R.D. at 526.

This determination, while committed to the sound discretion of the Court, is to be made with deference to the judgment of the class representatives and their counsel, as "the court's intrusion upon what is otherwise a private consensual agreement between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625.  Accordingly, "the settlement or fairness hearing is not to be turned into a trial or

1  rehearsal for trial on the merits," and the court must not "reach any ultimate conclusions
2  on the contested issues of fact and law which underlie the merits of the dispute, for it is
3  the very uncertainty of outcome in litigation and avoidance of wasteful and expensive
4  litigation that induce consensual settlements." *Id.*

5       Instead, the purpose of the preliminary evaluation and approval of a proposed
6  class action settlement is to determine whether the settlement is "within a range of
7  possible judicial approval." *Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468, 472
8  (E.D. Cal. 2009) (*citing* Newberg on Class Actions §11:25 (4th ed. 2002)); *see also N.*
9  *Cty. Contractor's Assn. v. Touchstone Ins. Servs.*, 27 Cal. App. 4th 1085, 1089, 33 Cal.
10  Rptr. 2d 166 (1994) (describing this as a "reasonable range.").   The preliminary
11  approval is merely the prerequisite to giving notice to elicit the class members' reaction
12  to the proposed Settlement Agreement and determine whether or not to opt out of the
13  Nationwide Class.  The preliminary approval process allows that to happen.

14       Lastly, as a matter of public policy, settlement is a strongly favored method for
15  resolving disputes. *See Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437,
16  443 (9th Cir. 1989).

17            **1.    Strength of Plaintiff's Case**

18       "When assessing the strength of [the] plaintiff's case, the court does not reach
19  'any ultimate conclusions regarding the contested issues of fact and law that underlie
20  the merits of this litigation.'" *Van Lith v. iHeartMedia + Entm't, Inc.*, No. 1:16-CV-
21  00066-SKO, 2017 WL 1064662, at *11 (E.D. Cal. Mar. 20, 2017) (*quoting Adoma v.*
22  *Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 975 (E.D. Cal. 2012) (quotations omitted).
23  Of course, the Court cannot fully assess the strength of the Plaintiff's case, because
24  evidence has not been fully presented. *Adoma*, 913 F. Supp. 2d at 975.  Instead, the
25  Court is to "evaluate objectively the strengths and weaknesses inherent in the litigation
26  and the impact of those considerations on the parties' decisions to reach these
27  agreements."

28

While Plaintiff and his counsel naturally believe that there is evidence from which the Court could rule in favor of Plaintiff's claims, there are mitigating factors. These include, but are by no means limited to, the fact that certification and success on the merits at trial would require establishment of Plaintiff's claims, namely, that the Website violated the ADA and the Defendant violated the Unruh Act by discriminating against individuals with visual impairments. A trier of fact may very well determine, after reviewing an analysis of the website, that it works adequately with screen-reading software and is therefore ADA compliant. Where a court determines that a claim may have "some measure of merit," but that it also faces inherent weaknesses, the court should find that the "strength of Plaintiff's case" factor "weighs in favor" of final approval of the Settlement. *Van Lith*, 2017 WL 1064662, at *11.

### 2. Risk, Expense, Complexity, and Likely Duration of Further Litigation

In assessing the degree of risk of continued litigation, "the court evaluates the time and cost required." *Adoma*, 913 F. Supp. 2d at 976. "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Id.* (*quoting Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004)).

Of course, the risk and expense of continued litigation is obvious; absent settlement, the Parties would be required to continue litigation, which necessarily would involve significant discovery (which has yet to commence), a motion for certification which Defendant would surely contest, and other dispositive motions such as a motion for summary judgment and possible appeals. Once all is said and done, the ultimate recovery might be of no greater value – or of lesser value – to that in the proposed Settlement Agreement. Moreover, the process only becomes more complex over a longer period of time, as new issues emerge, for example, through discovery or simply determinations relating to case strategy. Accordingly, this factor clearly weighs in favor

of approval. *See, e.g.*, *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) (finding that this factor favored approval where "there remained significant procedural hurdles for the putative class to confront, including certification" and "there were significant risks in continued litigation and no guarantee of recovery").

### 3. Relief Offered in Settlement

The relief offered in a settlement is assessed as a whole, "complete package" for overall fairness. *DIRECTV, Inc.*, 221 F.R.D. at 527 (*quoting Officers for Justice*, 688 F.2d at 628). Indeed, it is "well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Id.* (emphasis added) (*citing Linney*, 151 F.3d at 1242 (quotation omitted)).

Here, the relief includes injunctive relief and payment of an enhancement award for Named Plaintiff as the Class Representative. The relief also includes a $50,000 settlement fund to be distributed to those Class Members who make a timely claim. While the settlement grants preferential status to the California class, that is because the cause of action which gives rise to a monetary award is a California statute. While a larger award is "theoretically possible, 'the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes.'" *Barbosa*, 297 F.R.D. at 447 (*quoting Linney*, 151 F.3d at 1242); *see also Hanlon*, 150 F.3d at 1027 (the fact that "the settlement could have been better…does not mean the settlement presented was not fair, reasonable, or adequate."). Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

### 4. Arm's Length, Non-Collusive, Negotiated Resolution

This Circuit has held that it puts "a good deal of stock in the product of arms-length, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (*citing Hanlon*, 150 F.3d at 1027; *Officers for Justice*, 688 F.2d at 625). Critically, there is "[a]n initial presumption of fairness is usually involved if the

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

1   settlement is recommended by class counsel after arm's-length bargaining." *Wren v.*
2   *RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal.
3   Apr. 1, 2011) (emphasis added), *supplemented*, No. C-06-05778 JCS, 2011 WL
4   1838562 (N.D. Cal. May 13, 2011).

5          Here, Counsel for the Parties have separately initiated preliminary reviews of the
6   applicable law and facts pertaining to the alleged claims, potential defenses thereto, and
7   the damages claimed therein.  The adversarial, non-collusive and at-arm's-length
8   communications between the Parties' counsel considered issues including, but not
9   limited to, the following: (1) certification of nationwide and California settlement
10  classes; (2) monetary remuneration for the Named Plaintiff; and (3) modifications made
11  to the Website and mobile applications.  The resulting proposed Settlement Agreement
12  is the product of hours of such arm's length negotiations between the Parties, which
13  allows for an initial presumption of fairness.

14         **5.    Experience and Views of Counsel, and Plaintiff and Counsel's**
              **Adequate Representation of the Class**
15
16         "In considering the adequacy of the terms of a settlement, the trial court is entitled
17  to, and should, rely upon the judgment of experienced counsel for the parties." *Van Lith*
18  *v. iHeartMedia + Entm't, Inc.*, No. 1:16-CV-00066-SKO, 2017 WL 1064662, at *13
19  (E.D. Cal. Mar. 20, 2017) (*citing Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431,
20  447 (E.D. Cal. 2013)).  "Great weight is accorded to the recommendation of counsel,
21  who are the most closely acquainted with the facts of the underlying litigation." *Id.*
22  (*quoting Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012)
23  (citation omitted).  Accordingly, "absent fraud, collusion, or the like," the Court "should
24  be hesitant to substitute its own judgment for that of counsel." *Id.* (*citing DIRECTV,*
25  *Inc.*, 221 F.R.D. at 528).

26         Class Counsel has extensive experience in litigating ADA class actions. (See
27  Declaration of Bobby Saadian. ¶¶ 3-5).  Plaintiff's counsel understood and appreciated

28
JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT
CLASS

the defenses and position of Defendant but believed Plaintiff would ultimately succeed in the action.  Considering the Parties' strongly divergent views, and their awareness of the burdens of proof necessary to establish liability for the claim and the potential challenges to bringing a Motion for Class Certification, the Parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. The Parties have produced a result that they believe to be in their respective best interests.  The Parties also have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Plaintiff also is aware of the burdens of proof necessary to establish liability for the claim asserted in the action, the defenses thereto, the difficulties in establishing damages for Plaintiff, and the potential challenges to bringing a Motion for Class Certification.

### 6.    The Settlement has no Obvious Deficiencies

Furthermore, because the Settlement Agreement has no obvious deficiencies, preliminary approval is proper. *See Mora v. Cal West Ag Services, Inc*., 2019 WL 2084725, at *3 (E.D. Cal. 2019), *report and recommendation adopted*, 2019 WL 3760402 (E.D. Cal. 2019) (*citing* Newberg on Class Actions §13:13 (5th ed. 2014)) ("The purpose of the initial review is to ensure that an appropriate class exists and that the agreement is non-collusive, without **obvious deficiencies**, and within the range of possible approval as to that class.") (emphasis added); *Maciel v. Bar 20 Dairy, LLC*, 2018 WL 5291969, at *3 (E.D. Cal. 2018) (*citing* Newberg on Class Actions §13:13 (5th ed. 2011) ("Though Rule 23 does not explicitly provide for such a procedure, federal courts generally find preliminary approval of settlement and notice to the proposed class appropriate if the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'") (emphasis added) (*quoting Lounibos v. Keypoint Government Solutions Inc*., 2014 WL 558675, at *5 (N.D. Cal. 2014)).  No

such "obvious deficiencies" are present here. The settlement includes both a sizeable fund for distribution to the Class Members and injunctive relief which will remedy the barriers which previously prevented the Class Members from accessing the website. It is comprehensive in nature.

**B.     The Proposed Method of Distributing Relief and Processing Class-Member Claims is Adequate.**

The Settlement provides practical means for Class Members to gain enhanced access to a variety of information sources about the Website and mobile applications. Additionally, the Settlement Agreement requires Defendant to modify the Website and mobile applications to improve accessibility and to provide individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered through the Website and mobile applications by having the Website and mobile applications modified in accordance with WCAG 2.0 Level AA.

While Named Plaintiff disputes that the Website is, in its current form, compliant, each side recognizes and wishes to avoid the risk, expense, and delay associated with further litigation of these issues, particularly since Defendant is willing to further enhance the accessibility of its Website and mobile applications to its guests with disabilities.

The distribution plans for the settlement fund, including plans to process claims, are also more than adequate. Plaintiff has sent requests for bids to two prominent claims administrators, Epiq and KCC LLC, who will handle claims processing and payment of the funds to the class members. The claims process is the most rational and reasonable means for distributing the funds to the class members, and will require proof of disability in the form of a doctor's note or other medical record, and a declaration as to when the website was visited and that the claimant encountered a tangible barrier there. These requirements are designed to exclude those persons who are not Class Members while not dissuading Class Members from submitting a claim.

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

Proposed settlements are not judged against a hypothetical or speculative measure of what might have been achieved, as litigation is, by its nature, uncertain, and "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney*, 151 F.3d at 1242 (internal quotations omitted). The proposed settlement achieves a fundamentally fair, adequate, and reasonable resolution of all relevant claims.

### C. The Agreement Treats Class Members Equitably Relative to Each Other.

The Settlement enhances and facilitates access for individuals with disabilities to the Website and mobile applications to a greater extent and far faster than Defendant contends that it could be mandated (if at all) through litigation. Resolving the Website claim would require significant give and take between the Parties, potential experts, and their Class Counsel with respect to what is practical, possible, feasible, desirable, needed and/or required. Indeed, making the Website and mobile applications accessible to individuals with disabilities is a substantial undertaking, as the Website and mobile applications contain numerous individual pages, and rendering such pages accessible is predominantly an individual, manual process.

As noted in Section III(B) *supra*, the cornerstone of the compliance process is, subject to certain exceptions, adoption of the WCAG 2.0 Level AA as a guideline in making modifications. The Settlement Agreement provides assurances of accessibility of the Website and mobile applications within eighteen (18) months after the Effective Date.

The Parties believe these provisions will provide individuals with disabilities with full and equal access to the Website and mobile applications. The fairness of the Settlement is underscored not only by the scope of what is provided and the difficulty of providing it, but by debate as to whether there is any basis for mandating website and mobile application accessibility.

The distribution plan for the settlement fund also treats Class Members equally. While members of the California Class will be granted some preference, that is because the only cause of action granting a right to monetary recovery is based on a California statute. No Class Member will be able to recover more than $1,000.

## IV. THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASSES

As part of the Settlement, the Parties also seek certification of the Settlement Classes conditioned on final approval of the Settlement. As stated *supra*, those classes are: (1) the Nationwide Class; and (2) the California Class. In settlement cases, class certification is subject to a "lesser standard of scrutiny." *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1807, n. 19 (1996). Accordingly, district courts enjoy broad discretion in making such class certification determinations, *see Navellier v. Sletter*, 262 F.3d 923, 941 (9th Cir. 2001), so long as the following criteria are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). All of these factors are present here, and therefore, conditional certification of the Settlement Classes is appropriate.

Moreover, where class-wide injunctive relief is sought, Rule 23(b)(2) further requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class[.]" Lastly, class certification brought pursuant to Rule 23(b)(3) requires a determination that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." For the purposes of the Settlement, the Parties agree that these criteria are satisfied under the lesser standard of scrutiny applicable here.

///

15

## A.    Numerosity

Both of the Settlement Classes satisfy numerosity requirements, as each deals with all individuals with disabilities as defined under the ADA – either nationwide or in the State of California – who have attempted to gain access to the Website during the relevant time period.   Accordingly, virtually every impaired visitor to the Website during the relevant time period would be covered by these classes.  Plaintiff admits that the number and identities of these Class Members are unknown, and Plaintiff alleges it could range into the hundreds.   For the California Class, Plaintiff estimates 1,000 persons.  For these reasons, Plaintiff contends, and Defendant does not dispute for the Settlement only, that Rule 23's numerosity requirement is satisfied.

Plaintiff, consulting www.similarweb.com, has determined that 104,750 persons visited www.yoshinoyaamerica.com last month.   95.7% of those persons were Americans; accordingly, 100,246 Americans visited the website last month.  In order to determine, from that figure, the number of blind persons who use screen-reading software to visit the website, Plaintiff first noted that as of 2016, the Pew Research survey estimated that 77% of Americans with a disability go online.  Given that the percentage of Americans who go online, via desktop, laptop, or phone, is increasing over time, and the likelihood that a blind person would use screen-reading software given its general availability, Plaintiff conservatively estimates that 70% of blind and visually impaired Americans use screen-reading software to experience the internet.  To determine the number of legally blind persons living in California, Plaintiff found data showing that 797,300 Californians have a visual disability, out of 7,894,900 in the U.S. population.   https://www.nfb.org/resources/blindness-statistics.   Accordingly, 10% of visually impaired Americans live in California.  1.02 million Americans were legally blind in 2015.   https://www.nih.gov/news-events/news-releases/visual-impairment-blindness-cases-us-expected-double-2050.   Accordingly, assuming that 10% of those legally blind people live in California, Plaintiff estimates that 102,000 Californians are

legally blind. Dividing the number of U.S. visitors to the website by the total U.S. population gives us a percentage of Americans who visited the website. The figure is .03%. Multiplying 70% (the percentage of blind and visually impaired persons who use screen-readers) times 102,000 legally blind Californians gives us 71,400 legally blind Californians who use the internet. Multiplying that figure times the percentage of Americans who visited the website, or .03%, gives us 21.6 monthly visitors. As the class period is two years long, the figure is actually 519.

### B.   Common Questions of Law or Fact

The commonality factor merely requires that there must be one common legal or factual issue whose resolution will resolve an issue central to the validity of each claim of a class. *See Wal-Mart Stores, Inc.* 564 U.S. 338; *Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient[.]"). Here, the Nationwide *and* California Class claims all implicate the Named Plaintiff's claims that he has been denied full and equal access to the *same* Website. Here, the common question, which is certainly apt to produce common answers which drive the litigation, is, "Is the website compatible with screen-reading software?"

Likewise, the claims are brought commonly under the ADA and the Unruh Act, and commonly implicate the ADA's definition of "disability," meaning: (a) a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment. *See* 42 U.S.C. § 12102. For these reasons, Plaintiff contends, and Defendant does not dispute the Settlement only, that the "common question" factor is satisfied under Rule 23.

### C.   Typicality

Rule 23's permissive standard for typicality is satisfied so long as Named Plaintiff has injuries similar to those of the unnamed Class Members that result from

the same course of conduct.  There is no requirement that Named Plaintiff's claims be identical to that of the unnamed Class Members. *See Hanlon*, 150 F.3d at 1020 ("Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent Class Members; the need not be substantially identical.").

With respect to both proposed classes, Named Plaintiff alleges difficulties common to any individual with visual impairments as defined under the ADA, and neither his claims nor the relief provided in the Settlement is tailored to a particular level or kind of disability.  Indeed, the Settlement provides injunctive relief following the WCAG 2.0 Level AA standards as a guideline in making such improvements. Plaintiff allegedly suffered the same injury as the class members because they were all denied access to the same website for the same reasons.  Thus, Plaintiff contends, and Defendant does not dispute for the Settlement only, that his claims are typical of the claims of the classes, because they arise from the same factual basis and are based upon the same legal theories as those applicable to the classes.

### D.    Adequacy of Representation

The adequacy requirement is met if Named Plaintiff and his counsel: (1) do not have any conflicts of interest with other Class Members; and (2) will vigorously prosecute the case on behalf of the class. *Hanlon*, 150 F.3d at 1020 (*citing Lerwill v. Inflight Motion Pictures, Inc*., 582 F.2d 507, 512 (9th Cir. 1978)).  Here, Named Plaintiff's interests in prosecuting his Class Action and obtaining the most beneficial recovery possible is fully compatible with the Nationwide and California Class Members' interests.  In any case, any Class Member who instead determines that he or she wishes to be excluded from the Settlement will have full opportunity to do so.  For these reasons, Plaintiff contends, and Defendant does not dispute for the Settlement only, that those requirements are met.

Class counsel is highly experienced in class action litigation and in ADA class

actions involving websites which do not work for blind people in particular. Thiago Coelho has prosecuted over a hundred such cases, many of them to positive settlements requiring defendants to permanently fix their websites. Bobby Saadian is an extremely experienced and well-regarded litigator, a winner of numerous legal awards, and a victor of many sizeable verdicts and settlements. (Saadian Decl., ¶ 3-4). Named Plaintiff has chosen his counsel well.

### E.    Rule 23(b)(2) Requirements

For classes to be certified under Rule 23(b)(2), "the party opposing the class [must have] acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Here, if Named Plaintiff is entitled to a particular form of relief under a class claim, all of the members of that class would be entitled to that relief. Indeed, a key characteristic of the Settlement Classes is that the relief sought is defined in terms of actions to be taken to ameliorate the alleged underlying problems experienced in common by class members. It is clear that here, the injunctive relief is the dominant form of relief. Accordingly, Plaintiff contends, and Defendant does not dispute for the Settlement only, that the requirements for Rule 23(b)(2) requirements are met.

### F.    Rule 23(b)(3) Requirements

Finally, class certification under Rule 23(b)(3) requires a determination that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Under the lesser standard of scrutiny applicable in settlement cases, the Parties agree for the Settlement only that relief to be recovered by the Settlement Class would be based on common questions of law and fact – namely, their experiences as individuals with disabilities in accessing the Website. Here, a common question,

whether the website works with screen-reading software, dominates the litigation as the central question, and predominates over individual issues because it will dictate whether the ADA and the Unruh Act were violated, and can be determined on a class-wide basis, by an expert report as to the workings of the website.  Individual questions as to damages cannot defeat predominance.  They further agree that a class action is superior to other methods of efficient adjudication, because, for example, any Nationwide Class Member who prefers to opt out of the Settlement, can do so, and the cost of litigation for an individual plaintiff would be prohibitive as compared to the amount of an individual recovery, which could be nothing.

## V.    THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF NOTICE

Courts have a wide degree of discretion in requiring notice of settlement of class claims certified under Rule 23(b)(2), as Rule 23(c)(2)(A) merely provides that "the court may direct appropriate notice to the class."  Even in the more demanding context of a Rule 23(b)(3) opt-out class, notice is sufficient if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004), *quoting Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980).

The proposed Notice, appended as Exhibit A to the Settlement Agreement, more than meets this standard.  It informs Class Members of the general terms of the complex Settlement Agreement, advises them of their right to request exclusion from the Settlement, and to object at the Final Approval and Fairness hearing, and instructs them how to do so.  It also discloses Class Counsel's fee request and Named Plaintiff's enhancement payment.  Class Counsel will e-mail or mail a copy of the Notice to each individual known to Class Counsel to have a disability and to have expressed any concerns similar to those which Named Plaintiff has alleged in the Action.  Defendant,

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

in turn, will make reasonable efforts, and will bear the costs, to publish the Notice in the next edition of the regularly-circulating publications of the National Federation of the Blind, the American Council of the Blind, The American Foundation for the Blind, National Association for the Deaf, and the Los Angeles Radio Reader Service. Counsel for the Parties shall distribute the Notice within fourteen (14) calendar days after the Court enters the Preliminary Approval Order.

Given the nature of the claims and composition of the Settlement Classes, and their use of and reliance on non-traditional media for their news and information, these are sufficient and appropriate means of providing notice.

## VI.    CONCLUSION

For the reasons set forth above, the Parties respectfully request preliminary approval of the proposed Settlement Agreement, and that the Settlement Classes be certified conditioned on final approval of the Settlement.


Dated: February 12, 2021                **WILSHIRE LAW FIRM**


By:*/s/ Thiago Coelho*_____
   Thiago Coelho
   Attorneys for Plaintiff
   BRETT DESALVO


Dated:  February 12, 2021               **FISHER & PHILLIPS LLP**


By:  */s/ Tyler J. Woods*
   Tyler J. Woods
   Lauren Stockunas
   Attorneys for Defendant
   YOSHINOYA AMERICA, INC**.**

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

CASE NO. 2:20-cv-00676-JFW-SK

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

DocuSign Envelope ID: 20F-639368-76-7F517-SK071E4C491

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

*Brett Desalvo v. Yoshinoya America, Inc., Case No. 2:30-cv-00676 (C.D. Cal.)*

CASE NO. 2:20-cv-00676-JFW-SK

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

FP 39240982.6

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES ........................................................................iii

I.      GENERAL PROVISIONS.................................................................1

    A.    Definitions...............................................................................1

    B.    Acknowledgment of Purpose and Scope of the Settlement Agreement ..............................................................................3

    C.    Statement of Dispute ..............................................................4

    D.    Class Allegations....................................................................4

    E.    The Conduct of the Litigation ................................................5

    F.    No Admission of Liability ......................................................5

II.     RELIEF TO BE PROVIDED TO SETTLEMENT CLASSES ......6

III.    NOTICE TO SETTLEMENT CLASSES ........................................7

IV.     RELEASE BY PLAINTIFF .............................................................10

V.      RELEASE BY CLASS MEMBERS ...............................................11

VI.     CIVIL CODE § 1542 WAIVER ......................................................12

VII.    NAMED PLAINTIFF'S SERVICE ENHANCEMENT PAYMENT..........13

VIII.   ATTORNEYS' FEES AND COSTS ...............................................14

IX.     PRELIMINARY APPROVAL.........................................................14

X.      CLASS MEMBER OBJECTIONS ..................................................15

XI.     FINAL APPROVAL AND FAIRNESS HEARING ........................15

XII.    FINAL APPROVAL ORDER ..........................................................16

XIII.   DISPUTE RESOLUTION ...............................................................16

XIV.    EXCUSED PERFORMANCE ..........................................................16

XV.     FORCE MAJEURE .........................................................................17

XVI.    APPLICABLE LAW ........................................................................17

XVII.   FAILURE TO OBTAIN FINAL APPROVAL................................17

XVIII.  CONFIDENTIALITY ......................................................................17

XIX.    MISCELLANEOUS .........................................................................19

    A.    No Oral Modification..............................................................19

    B.    Entire Agreement ...................................................................19

    C.    Successors in Interest .............................................................19

    D.    Execution in Counterparts and Electronic Transmission....................20

EXHIBIT A: NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING .....................................................22

EXHIBIT B: [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF JOINT MOTIONS ............................................................32

DocuSign Envelope ID: 289F4839-9593-4707-85FF-28D071E4689F

EXHIBIT C: [PROPOSED] ORDER GRANTING FINAL APPROVAL OF JOINT MOTIONS ............................................................................... 32

CASE NO. : 2:20-cv-00676-JFW-SK

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

FP 39240982.6

DocuSign Envelope ID: 289F4839-8893-4707-95FF-26C071E4C89F

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

42 U.S.C. §12102 .................................................................................. 3, 21

Americans with Disabilities Act .................................................................. passim

California Unruh Civil Rights Act ................................................................ passim

CIVIL CODE § 1542 .............................................................................. 10, 11

Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.*) ........................................ 8, 9

**Rules**

Rule 23(e) of the Federal Rules of Civil Procedure .................................................. 2

Rule 408 of the Federal Rules of Evidence ............................................................. 5

**Other Authorities**

U.S. District Court for the Eastern District of California (www.pacer.gov) ........... 25

Brett DeSalvo, on behalf of himself and each of the Class Members of each of the represented Settlement Classes, as defined below, make and enter into this Class Action Settlement Agreement and Release ("Settlement Agreement") with Yoshinoya America, Inc. ("Defendant").

## I.    GENERAL PROVISIONS

### A.    Definitions

Capitalized terms used throughout this Settlement Agreement shall have the following meanings:

1.    "Action" shall mean the lawsuit entitled *Brett DeSalvo v. Yoshinoya America, Inc.* U.S.D.C. E.D. Cal. Case 2:20-cv-00676-JFW-SK, which is pending before the Honorable Judge John F. Walter and Honorable Magistrate Judge Steve Kim. The "Website" shall mean both the website found at https://www.yoshinoyaamerica.com.

2.    "Plaintiff" or "Named Plaintiff" shall mean plaintiff, Brett DeSalvo.

3.    "Defendant" shall mean Defendant Yoshinoya America, Inc.

4.    "Parties" shall mean the Plaintiff and Defendant.

5.    "Mobile Application" shall mean software designed to run on a mobile device, such as a smartphone or tablet computer, that features information put out from Defendant to provide users with similar services to those accessed on PCs regarding its goods and services.

6.    "Class Counsel" shall mean Plaintiff's attorneys, Bobby Saadian, Esq. and Thiago Coelho, Esq. of The Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010.

7.    "Effective Date" shall mean the first date upon which all of the following have occurred: (a) entry by the Court of the Final Approval Order, and (b) either: (i) the expiration, without an appeal or challenge, of the period to appeal or

DocuSign Envelope ID: 289F4839-5893-4707-95FF-26C071E4C89F

challenge any portion of the Final Approval Order, or (ii) in the event of such an appeal or challenge, the Parties (as defined below) have received actual notice that the Settlement Agreement has received final approval after the final resolution of any appeal or challenge.

8.    "Final Approval" shall mean the Court's entry of the Final Approval Order after having found this Settlement Agreement to be fair, adequate, and reasonable.

9.    "Final Approval and Fairness Hearing" shall mean the hearing by the Court to (a) review this Settlement Agreement and determine whether the Court should grant final approval to the Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; (b) consider any timely objections made pursuant to Section X and all responses by the Parties; (c) consider the request for attorneys' fees and expenses submitted by Class Counsel; and (d) consider the Named Plaintiff's request for a service enhancement payment.

10.    "Notice and Claim Form" shall mean the document attached to this Settlement Agreement as Exhibit A.

11.    "Preliminary Approval Order" shall mean the document attached to this Settlement Agreement as Exhibit B, or any order of similar effect constituting the Court's preliminary approval of the Settlement Agreement.

12.    "Final Approval Order" shall mean the document attached to this Settlement Agreement as Exhibit C, or any order of similar effect constituting the Court's final approval of the Settlement Agreement.

13.    "Released Claims" shall mean the claims released by the Named Plaintiff and the Releasing Parties as specifically set forth in Sections IV, V, and VI below.

14.    "Settlement" and/or "Settlement Agreement" shall mean this settlement document resolving the Action.

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

15. "Settlement Classes" shall mean the Classes identified in Section I.D.(1)-(2).

16. "Settlement Fund" shall mean the $80,000 settlement fund created by Defendant for the Class Members, out of which both attorneys' fees and the Class Representative's Service Award will be deducted.

17. "State Disability Statutes" shall mean any statute, law, regulation or ordinance of state or local government that prohibits discrimination against, requires equal access for, or prohibits the interference with the rights of, the disabled in public accommodations and other places open to the public.

18. "WCAG 2.0" shall mean Version 2.0 of the Web Content Accessibility Guidelines published by the Worldwide Web Consortium.

**B.    Acknowledgment of Purpose and Scope of the Settlement Agreement**

The Parties have entered into this Settlement Agreement for the following purposes:

- to resolve all disputes asserted in the Action and/or covered by this Settlement Agreement to avoid further expenses and protracted litigation;

- to agree on the reasonable and appropriate modifications and assistive measures to enhance equal access for visitors to the Website and Mobile Applications;

- to agree on the reasonable and appropriate modifications and assistive measures to enhance accessibility for individuals with disabilities as defined under the Americans with Disabilities Act, 42 U.S.C. §12102 ("ADA") who use the Website and Mobile Applications; and

- to reach a final resolution of all class claims and defenses asserted in this Action and/or covered by this Settlement Agreement.

DocuSign Envelope ID: 289F4839-5693-4707-95FF-28C071E4C89F

## C.    Statement of Dispute

Plaintiff filed a Complaint in the United States District Court for the Central District of California on January 22, 2020.  In his Complaint, Plaintiff alleged, on behalf of himself, an alleged Nationwide Class, and an alleged California class, that the Website was not fully or equally accessible[1] to blind and visually-impaired individuals in violation of the ADA.  Likewise, Plaintiff alleged, on behalf of himself and an alleged California class, violations of the California Unruh Civil Rights Act (the "Unruh Act.") based on the Website allegedly not being fully or equally accessible to blind and visually-impaired consumers.   The Complaint requests injunctive relief, statutory damages, and attorneys' fees and expenses.  Defendant denies the material allegations in the Complaint.

## D.    Class Allegations

As part of the Joint Memorandum of Points and Authorities in Support of Motions for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class ("Joint Motion"), the Parties shall jointly seek conditional approval, for settlement purposes only, of two Settlement Classes. Specifically, the Parties shall request that the Court certify the following two Settlement Classes:

(1)    <u>The Nationwide Class:</u> All individuals who (a) have a disability, as that term is defined under the ADA and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications and (c) have been denied equal access as a result of their disability.

(2)    <u>The California Class:</u>  All individuals in the State of California who (a) have a disability, as that term is defined under the ADA and similar state and

---

[1] For the purposes of this Agreement, the term "accessible" shall be defined to mean accessible to persons with disabilities.

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

local disability laws, and (b) have accessed the Website and Mobile Applications and (c) have been denied equal access as a result of their disability.

### E.    The Conduct of the Litigation

In the absence of an approved settlement, the Parties recognize that they would face a potentially long and arduous litigation that would continue to consume time and resources and present each of them with ongoing litigation risks and uncertainties. The Parties wish to avoid these risks and uncertainties, as well as the consumption of time and resources, through settlement pursuant to the terms and conditions of this Settlement Agreement.  After careful review and consideration, the Plaintiff, for himself individually and on behalf of all members of the Settlement Classes, and Class Counsel is of the opinion that this Settlement Agreement is fair, reasonable, and adequate, and provides appropriate relief for the Settlement Classes. Class Counsel and the Plaintiff, for themselves individually and on behalf of all members of the Settlement Classes, believe that this Settlement Agreement is in the best interest of the Settlement Classes based on all the facts and circumstances. As reflected by the signatures of counsel at the end of this document, the Parties have consented to this Settlement Agreement and will represent to the Court that this Settlement Agreement is fair and reasonable.

### F.    No Admission of Liability

Nothing contained in, nor the consummation of, this Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Parties released by this Settlement Agreement.   Further, nothing in this Settlement Agreement shall operate or be construed as an admission that class certification is appropriate in any other context other than the settlement of the Action.   Each of the Parties to this Settlement Agreement has entered into this Settlement Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses. This

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

Settlement Agreement is a settlement document and shall be inadmissible as provided in Rule 408 of the Federal Rules of Evidence or any other similar law.

## II.    RELIEF TO BE PROVIDED TO SETTLEMENT CLASSES

In consideration of the dismissal and release of all claims asserted in the Complaint, within eighteen (18) months after the Effective Date of this Agreement, Defendant agrees to perform the following affirmative steps to enhance accessibility for guests with disabilities on the Website and Mobile Applications to the extent not already undertaken. Specifically, in an effort to avoid the time and expense of litigation, the Parties, having recognized their disagreement with respect to the nature of the modifications required to be made to the Website and Mobile Applications, hereby agree, despite such disagreement, to settle their differences with respect to the Website and Mobile Applications. Defendant shall cause the modifications outlined below and subject to the conditions and exceptions set forth in Sections XIV (Excused Performance) and XV (Force Majeure) below, to be made to the Website and Mobile Applications. The Parties agree that the work described below for purposes of the Agreement complies with existing standards evidenced by consent decrees and other statements of the United States Department of Justice (the "DOJ"), and all local laws, rules, and regulations. In making the modifications required by this Agreement, the Defendants may avail themselves of any provision applicable under DOJ consent decrees and other regulatory agency statements, including any applicable local laws, rules, regulations, and standards that relate to website accessibility:

a.    <u>Website and Mobile Applications Changes.</u> To the extent not done so already, Defendant shall modify the Website and Mobile Applications to improve its accessibility and to provide individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered through the Website and Mobile Applications by having the

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

Website and Mobile Applications substantially usable by screen reader software for Website and Mobile Applications users in the future. Defendant shall use WCAG 2.0 Level AA as a guideline in making such improvements. The Parties further agree that Defendant can link to third-party websites and/or include third-party content on the Website and Mobile Applications (e.g., any web content that is dictated or generated by a third party and is not owned, coded, managed, and/or operated by the Released Parties (including, but not limited to, plug-ins, forms, PDF files, social media and YouTube© videos)), and nothing in this Agreement shall require Defendant to undertake, to complete remediation for, or to be responsible or liable for any form of third-party content that is incorporated into the Website and Mobile Applications. The Parties agree that all other requested modifications as to the Website and Mobile Applications are not readily achievable or otherwise are not required.

   b. <u>Diligence</u>. Defendant agrees to undertake diligent, good faith efforts to satisfy the deadlines listed in this Section II.d. The Parties agree that Defendant will have complied with the provisions of Section II if Defendant has undertaken diligent, good faith efforts to meet the referenced deadlines.

   c. <u>Intervening Legislation or Regulation</u>. If legislation is passed modifying Title III of the ADA or if the DOJ or any other federal government entity promulgates final ADA Title III regulations regarding website accessibility during the period for which modifications are to be made under this Section, this Agreement shall automatically, without further action by the Parties, be modified such that Defendant shall be required only to achieve compliance with the minimum requirements set forth in any such legislation or regulation within the timeframe for compliance set forth in such legislation or regulation. The Parties shall meet and confer at the written request of either party to discuss whether modifications to the

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

terms of this Agreement shall be made to be consistent with any such final statutes, regulations, or rules.

Additionally, within thirty (30) days of the date of Final Approval of this Settlement, Defendant will deposit in a fund created by Plaintiff's counsel and administered by the Claims Administrator eighty thousand dollars ($80,000.00) which will be paid to class members who submit timely claims on a first-come, first-served basis, in an amount not to exceed one-thousand dollars ($1,000.00) per claim.

a. Claims Administration. Requests for bids for Claims Administrator have been placed to KCC LLC and Epiq. The lowest bidder shall be the Claims Administrator.

b. Attorneys' Fees. Class Counsel plans to seek from the Court $27,500 in attorneys' fees to be deducted from the Settlement Fund, which request counsel for Defendant will not oppose. Class counsel submits that this fee is appropriate as a percentage of the overall settlement fund. Class counsel will also submit, along with its request for attorney's fees, time records which support its fee request under a lodestar methodology.

c. Net Settlement Fund. The Claims Administrator shall subtract all costs for claims administration, the Named Plaintiff's Service Award, in the amount of $2,500, attorneys' fees, in the amount of $27,500, and litigation costs, from the settlement fund, resulting in the Net Settlement Fund.

d. Claims Process. The Notice and Claims Form is attached hereto as Exhibit A. The Notice and Claims Form will be posted on the internet and included in publications for the blind and visually impaired within fourteen (14) days of Preliminary Approval. The Notice and Claims Form will remain posted on the internet until one-hundred and twenty (120) days from the date that this Settlement is afforded Final Approval. The Claims Period will run from the date of Final Approval to one hundred and twenty (120) days from the date of Final Approval.

During the Claims Period, Class Members may submit up to one claim per individual by completing the detachable Claims Form, attaching all necessary attachments, and mailing the form to the claims administrator. All Claim Forms must be received no later than one hundred and twenty (120) days from the date of Final Approval. Any Claims Forms received prior to the date of Final Approval will be analyzed in the order received, starting on the date of Final Approval. The claims administrator will evaluate the claims and determine the total number of Qualifying Claimants. Payments will be made to the Qualifying Claimants after the end of the Claims Period in accordance with the following formulae. For California residents: Net Settlement Fund / Total Number of Qualifying Claimants + .05 x Net Settlement Fund / Total Number of Qualifying Claimants = individual payment. For non-California residents: Net Settlement Fund / Total Number of Qualifying Claimants − .05 x Net Settlement Fund / Total Number of Qualifying Claimants = individual payment. No claimant will receive more than $1,000 per claim.

        e.     Prerequisites. Claimants must meet the following prerequisites in order to be included as Class Members and to be distributed settlement funds. Class members must submit (1) proof that they are legally blind, in the form of a doctor's note or medical record, (2) proof of visit to Yoshinoya's website prior to the date the Court grants preliminary approval of the terms of the Settlement Agreement, in the form of a declaration as to why the claimant visited Yoshinoya's website, and (3) a declaration signed under penalty of perjury detailing when the claimant visited Yoshinoya's website, and what barriers and/or issues they encountered when they visited Yoshinoya's website that tangibly denied equal access to the website.

## III.   NOTICE AND CLAIM FORM TO SETTLEMENT CLASSES

In their motion seeking preliminary approval of the Settlement Agreement, the Parties will propose that Class Counsel email or mail a copy of the Notice and Claim Form substantially in the form of Exhibit A to this Settlement Agreement to each

DocuSign Envelope ID: 289F4839-5693-4707-95FF-28C071E4C89F

individual known to Class Counsel to have a disability and to have expressed any concerns similar to those which Named Plaintiff has alleged in the Action. Defendant will make reasonable efforts, and will bear the costs, to publish the Notice in the next edition of the regularly-circulating publications of the National Federation of the Blind, the American Council of the Blind, The American Foundation for the Blind, National Association for the Deaf, and the Los Angeles Radio Reader Service. Counsel for the Parties shall publish the Notice described in this Section within fourteen (14) calendar days after the Court enters the Preliminary Approval Order.

The failure of any Class Members to receive the Notice and Claim Form shall not be a basis for invalidating this Settlement Agreement or any order entered pursuant to this Settlement Agreement, and the Settlement shall nevertheless be binding upon all Class Members.

## IV.    RELEASE BY PLAINTIFF

In consideration for the mutual promises and covenants set forth or referred to in this Settlement Agreement, the Named Plaintiff, for himself, and his heirs, successors and assigns, releases Defendant, its subsidiaries and affiliated companies, and in the case of all such entities, their respective past and present owners, representatives, officers, directors, shareholders, attorneys, agents, employees, insurers, successors and assigns (collectively referred to as the "Released Parties") from any and all claims, counter-claims, liabilities, obligations, demands, and actions of any and every kind or nature whatsoever, known or unknown, that have arisen or might have arisen at any time up to and including the Effective Date. This Release includes any claims that were, or could have been, asserted in the Action, including, without limitation, individual and class claims for discrimination and/or denial of equal access to or enjoyment of any goods, services, facilities, privileges, advantages, or accommodations based upon a disability in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.),* the Unruh Civil Rights Act (Cal. Civil

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

FP 39240982.6

Code §§ 51 *et seq.),* the Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.),* any other state, local or federal statute, rule, or regulation, or common law that governs, addresses, or affects the rights of individuals with disabilities to gain equal or full access to or enjoyment of places of public accommodation or places open to the public. This release includes, but is not limited to, claims for relief alleging a pattern and practice of disability-based discrimination in connection with, or an unlawful disparate impact associated with, access to or enjoyment of Defendant's Websites and Mobile Applications owned or operated by Defendant.

## V.    RELEASE BY CLASS MEMBERS

In consideration for the mutual promises and covenants set forth or referred to in this Settlement Agreement, the Settlement Classes and each of their respective members, executors, successors, heirs, assigns, administrators, agents and representatives (collectively referred to as the "Releasing Parties"), releases the Released Parties from any and all claims, counter-claims, liabilities, obligations, demands, and actions of any and every kind or nature whatsoever, known or unknown, that the Releasing Parties may have against the Released Parties for discrimination and/or denial of equal access to or enjoyment of any goods, services, facilities, privileges, advantages, or accommodations based upon a disability under the common law or any state, local or federal statute, rule or regulation, arising from Defendant's practices or procedures in connection with, or the condition of, the Websites and Mobile Applications owned or operated by Defendant.  This release includes but is not limited to any and all claims that have arisen or might have arisen that could have been asserted in the Action, including claims in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), the Unruh Civil Rights Act (Cal. Civil Code §§ 51 *et seq.),* the Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.),* any other state, local or federal statute, rule, or regulation, or common law that governs, addresses or affects the rights of individuals with disabilities to gain

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

equal or full access to or enjoyment of places of public accommodation or places open to the public. This release includes, but is not limited to, claims for class-wide injunctive or declaratory relief alleging a class-wide pattern and practice of disability-based discrimination in connection with, or an unlawful disparate impact associated with, access to or enjoyment of the Defendant's Website and Mobile Applications. This release includes any claims for damages, fines or penalties in amounts statutorily authorized (including as determined by reference to minimum or other prescribed amounts) for violations of the State Disability Statutes, but does not include claims for monetary damages (including as they may be multiplied) in individualized amounts recoverable by a member of the Settlement Class that under the State Disability Statutes or common law are determined, not by reference to a minimum or other statutorily prescribed amount, but by the actual harm, loss, bodily injury, injury to property, emotional distress, or economic damage allegedly suffered by a member of the Settlement Class.  However, by way of example, this release does include claims for the $4,000 and $1,000 minimum damages authorized in California Civil Code Section 51, 52(a) and Section 54.3, respectively, under the Unruh Act, which are fully released herein.  This release is intended to bind all Settlement Classes and its members and to preclude such Settlement Classes and its members from asserting or initiating, either individually or through any third party, future claims with respect to the issues in this Action or the subject matter of this Settlement Agreement.

## VI.    CIVIL CODE § 1542 WAIVER

As further consideration and inducement for this Settlement Agreement and upon the satisfaction or waiver of any conditions subsequent set forth in this Settlement Agreement, to the extent permitted by law, with respect to the Released Claims, the Releasing Parties and Named Plaintiff, for himself, and his heirs, successors and assigns: (i) waives and releases any and all rights under Section 1542 of the California Civil Code or any analogous state, local, or federal law, statute, rule,

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

order or regulation that they have or may have, (ii) acknowledges that the effect and impact of Section 1542 has been explained to him by his own counsel, and (iii) further acknowledges that she may later discover facts different than or in addition to those which they now know or believe to be true with respect to the claims, demands, debts, liabilities, actions, causes of action, costs and expenses released, and agree that this Settlement Agreement shall be and will remain effective notwithstanding such different or additional facts. California Civil Code Section 1542 reads as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

The Releasing Parties and Named Plaintiff, for himself, and his heirs, successors and assigns, expressly waives the protections of California Civil Code Section 1542 with respect to the Released Claims.

## VII.  NAMED PLAINTIFF'S SERVICE ENHANCEMENT PAYMENT

In recognition of the Named Plaintiff's role in prosecuting this Action, including the provision of information to Class Counsel, Class Counsel shall file a motion requesting the Court award Named Plaintiff a service enhancement payment of $2,500.00 to be paid by Defendant, which motion shall be heard at the time of the Final Approval and Fairness Hearing. Class Counsel shall file this motion within fourteen (14) days after the Court enters the Preliminary Approval Order.

If approved by the Court, and the Named Plaintiff providing counsel of record for Defendant with a completed Form W-9, Defendant shall pay the approved service enhancement payment amount to the Named Plaintiff within thirty (30) days after the Effective Date by means of a check sent to Class Counsel. Defendant shall issue a

Form 1099 to Named Plaintiff for the full amount of such payment.

## VIII.  FUND, ATTORNEYS' FEES AND COSTS

Class Counsel shall file a motion for an award of reasonable attorneys' fees and costs not to exceed $27,500.00. This award and amount shall include all fees and costs recoverable, including any attorneys' fees and costs incurred after the date of this Settlement Agreement. This motion shall be heard at the time of the Final Approval and Fairness Hearing. Class Counsel shall file the motion for an award of fees within 14 days after the Court enters the Preliminary Approval Order.  Defendant shall not oppose this motion or any proposed order awarding fees and costs in an amount not to exceed $27,500.00 in the aggregate.

Settlement provides for a $80,000.00 reversionary settlement fund to be paid by Defendant, which fund will, after deductions for attorneys' fees, litigation costs, costs of administration, and a service award for the Class Representative, be paid out to Class Members who make timely claims showing proof that they are indeed Class Members, in an amount which is proportional to the number of valid claimants, but which grants preference to claimants from California, and not to exceed $1,000.00 per claim.  Any amounts of the settlement fund remaining after the conclusion of the claims period will be returned to Defendant.

Subject to Class Counsel providing counsel of record for Defendant with a completed Form W-9, Defendant shall pay any amounts due pursuant to this Section and an Order of the Court within thirty (30) days after the Effective Date by means of a check sent to Class Counsel.

## IX.    PRELIMINARY APPROVAL

Named Plaintiff and Defendant will submit this Settlement Agreement to the Court, and request (1) preliminary approval of the terms of the Settlement Agreement, (2) approval of the Notice attached as Exhibit A to this Settlement Agreement, or such other notice that the Court shall mandate, and (3) approval of all other steps to

be taken to obtain Final Approval.  Named Plaintiff and Defendant will request that the Court enter a Preliminary Approval Order, substantially in the form of Exhibit B.

Named Plaintiff and Defendant shall cooperate to obtain the Court's prompt preliminary and final approval of the Settlement Agreement. To expedite the implementation of the Settlement Agreement, Named Plaintiff and Defendant shall ask the Court to set the hearing on the final approval of the Agreement no more than seventy-five (75) days after the first provision of the Notice.

Counsel for Named Plaintiff and Defendant shall distribute the Notice within fourteen (14) days after the Court enters the Preliminary Approval Order.  In addition, Class Counsel shall file the motions contemplated in Sections VIII (Attorneys' Fees and Costs) and IX (Preliminary Approval) above within fourteen (14) days after the Court enters the Preliminary Approval Order.

## X.    CLASS MEMBER OBJECTIONS

Any member of the Settlement Classes who elects to object to this Settlement Agreement and the Proposed Preliminary Approval Order or otherwise to be heard concerning this Settlement shall timely inform Class Counsel, in writing of his or her intent to object or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Notice.  The objection date shall be set at least thirty-five (35) days after the date on which Notice is distributed and shall be after the date that Class Counsel files the motions contemplated in VIII (Attorneys' Fees and Costs) and IX (Preliminary Approval) above.

## XI.    FINAL APPROVAL AND FAIRNESS HEARING

On the date set forth in the Notice, the Court shall conduct the Final Approval and Fairness Hearing.

The Parties shall request that, if the Court approves the Settlement Agreement at the Final Approval and Fairness Hearing, it shall enter the Final Approval Order substantially in the form proposed as Exhibit C to this Settlement Agreement.

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

## XII.  FINAL APPROVAL ORDER

The Final Approval Order shall: (a) dismiss the Complaint *with prejudice*; (b) approve the Settlement, adjudging the terms of this Settlement Agreement to be fair, reasonable and adequate, and direct consummation of its terms and provisions; and (c) permanently enjoin all members of the Settlement Class from presenting against Defendant or its present or former parent companies, subsidiaries, affiliates, shareholders, officers, directors, employees, partners, agents, representatives, attorneys, insurers, and any other successors and assignees, any individual or Settlement Class claims that are released by Sections IV and V of this Settlement Agreement, or which were or could have been asserted in the Action.

## XIII.  DISPUTE RESOLUTION

The Parties agree that only the Parties or Class Counsel on behalf of a member of one of the Settlement Classes, may initiate a proceeding for violation or enforcement of the terms of the Settlement Agreement and that before any Party or Class Counsel initiates any claim, motion or other proceeding for violation or enforcement of the Settlement Agreement, the complaining Party must first provide the counter-party with (i) written notice of the matter in dispute to the counsel of record in the Action for that counter-party and (ii) a reasonable opportunity to cure any alleged event of default or omission. The Party receiving such written notice of a matter in dispute must respond in writing within four (4) weeks of receipt of the notice providing either a statement of opposition to the claim or of its intent to cure. If this notice and cure procedure is unavailing, the Parties may apply to the Court to enforce the Settlement Agreement.

## XIV.  EXCUSED PERFORMANCE

Defendant's obligations set forth in this Agreement are subject to, and contingent upon, a determination by web development and accessibility experts that the modifications to the Website and Mobile Applications indeed will be "readily

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
FP 39240982.6

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

achievable" as that term is defined by the ADA and its implementing regulations, giving due consideration to the feasibility and costs associated with such modifications. Nothing in this Agreement shall prevent Defendant from ceasing to operate the Website and/or Mobile Applications or otherwise to remove them from the World Wide Web and from downloadable applications.

## XV.   FORCE MAJEURE

Defendant's failure to perform any action required by this Agreement shall not subject it to any liability or remedy for damages or otherwise, or constitute a breach of this Agreement, if such failure is occasioned in whole or in part by an act of God, fires, accidents, earthquakes, hurricanes, tornados, explosions, floods, wars, labor disputes or shortages, riots, or sabotage or any similar circumstance beyond Defendant's reasonable control.

## XVI.  APPLICABLE LAW

The Parties agree that this Settlement Agreement shall be in all respects interpreted, enforced and governed by and under federal law and, to the extent that resort must be had to state law, by the law of the State of California.

## XVII. FAILURE TO OBTAIN FINAL APPROVAL

If this Settlement Agreement does not become final and effective in its current form, for whatever reason, this entire Settlement Agreement, including its exhibits, shall become null and void and of no force or effect. In that event, no Party shall make any arguments in the Action based on any other Party having made any agreement in any of the papers submitted in connection with the settlement process, or any Preliminary Approval Order entered as part of the settlement process.

## XVIII.    CONFIDENTIALITY

All proprietary and confidential documents or information that previously have been provided to Class Counsel and/or the Named Plaintiff as of the date this Settlement Agreement is executed shall be treated as, and shall forever remain,

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

confidential. Those documents and information shall not be disclosed to anyone other than the Court or agreed-upon mediator or special master in connection with any proceedings to enforce any provision of this Settlement Agreement. If such disclosure is deemed necessary by Class Counsel, Class Counsel shall identify and disclose to Defendant such documents and information deemed necessary to disclose at least ten (10) business days prior to filing such documents with the Court, mediator, or special master, and, if Defendant so requests, shall seek permission to file said documents with this Court, mediator, or special master under seal. All the files, records, discovery, investigation, work papers and any other document, whether electronic or written, that describes or contains any assessment of practices of Defendant or which describes a condition, act or event which relates to the Website and/or Mobile Applications (with the exception of documents that were publicly filed with the Court) shall not be made available to or transferred to any other person and shall be kept and maintained by Class Counsel inviolate. Class Counsel warrant to Defendant that they shall not produce their files, or any portion of such files (with the exception of documents that were publicly filed with the Court), to any other person unless compelled to do so by a formal legal process in which event Class Counsel shall promptly notify counsel of record for Defendant of that event. Nothing in this paragraph shall prevent Class Counsel from using any information obtained in the course of this case in connection with any action necessary to enforce or maintain the Settlement Agreement, or in connection with any claim of professional negligence brought against Class Counsel.

Other than necessary disclosures made to the Court, including the public filing of this Settlement Agreement and the Class Notice attached as Exhibit A to this Settlement Agreement, the Parties' settlement negotiations and all related information shall be held strictly confidential by Class Counsel and the Named Plaintiff, and shall not be disclosed to any third parties (including the media). Notwithstanding the

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

FP 39240982.6

provisions in this Section, Class Counsel and the Named Plaintiff may communicate with members of the Settlement Classes for purposes of implementing, administering, and enforcing the Settlement Agreement, including by causing to be disseminated the Class Notice.  Class Counsel and the Named Plaintiff, however, will not assist potential class members in fabricating a claim or provide potential class members with information as to what claimed barriers existed throughout the class period so as to avoid inadvertently enabling potential class members to fabricate claims.  But, Class Counsel and the Named Plaintiff may answer specific questions posed by class members as to viability of barriers proposed by those class members. Class Counsel will instruct the Settlement Administrator to set up an 800 number for purposes of answering Class Members' questions about the settlement, which will be the preferred means of communication with the Class Members.

## XIX.  MISCELLANEOUS

### A.    No Oral Modification

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties to this Settlement Agreement, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all Parties to this Settlement Agreement.

### B.    Entire Agreement

This Settlement Agreement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated by this Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel are merged into this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing.

### C.    Successors in Interest

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties to this Settlement Agreement and their respective heirs, trustees, executors, administrators, successors and assigns.

### D.    Execution in Counterparts and Electronic Transmission

This Settlement Agreement may be executed in counterparts and transmitted to the other Party through means of electronic transmission (such as .pdf or facsimile), and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other counterparts, shall constitute one fully-signed Settlement Agreement, which shall be binding upon and effective as to all Parties.

**AGREED TO BY:**

Dated:  December __, 2020        By: _____

On behalf of Defendant Yoshinoya America, Inc.

Dated:  January 29, 2021        By: _____

Brett DeSalvo

APPROVED AS TO FORM BY:

Dated:  February 2, 2021        **FISHER & PHILLIPS LLP**

By: _____

Tyler J. Woods
Lauren Stockunas

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

Attorneys for Defendant
YOSHINOYA AMERICA, INC.

Dated: January 29, 2021

**WILSHIRE LAW FIRM**

By: */s/ Thiago Coelho*
    Bobby Saadian, Esq.
    Thiago Coelho, Esq.
    Attorneys for Named Plaintiff
    BRETT DESALVO

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

# EXHIBIT A

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
## AND FAIRNESS HEARING

This Notice has been approved by the United States District Court for the Central District of California.

Be advised of the preliminary approval of the settlement of a class action lawsuit brought by Brett DeSalvo (the "Named Plaintiff") against Yoshinoya America, Inc., and Does 1-10 ("Yoshinoya America"). The Named Plaintiff, individually and on behalf of all members of the Settlement Classes, as defined below, alleges that, as individuals with visual impairments, they were denied equal access to or enjoyment of Yoshinoya America's website, https://www.yoshinoyaamerica.com/ (the "Website"). Yoshinoya America denies the Named Plaintiff's allegations and denies any fault or wrongdoing whatsoever.

Under the proposed settlement, Yoshinoya America will make certain changes to the Website and Mobile Applications (as set forth in the Class Action Settlement Agreement and Release) in exchange for the Settlement Classes releasing claims regarding the accessibility of the Website and Mobile Applications as it exists at the time of this settlement, or as it may be modified in accordance with the Settlement Agreement. A Final Approval and Fairness Hearing on the proposed settlement is scheduled for _____, 2020, at _____, in the courtroom of Judge John F. Walter, for the United States District Court for the Central District of California, Courtroom 7A, 350 W. 1ˢᵗ Street, Los Angeles, CA 90012.

Please read this Notice carefully. It contains important information about your legal rights concerning the proposed settlement of this lawsuit.

### 1.    Who are members of the Settlement Classes?

The Court has preliminarily approved the following two Settlement Classes.

(1)    The Nationwide Class: All individuals who (a) have a disability, as that term is defined under the Americans with Disabilities Act, the "ADA" 42 U.S.C. §12102 and similar state and local disability laws, and (b) have accessed the Website

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

and Mobile Applications and (c) have been denied equal access as a result of their disability.

(2)    The California Class: All individuals who (a) have a disability, as that term is defined under the Americans with Disabilities Act, the "ADA" 42 U.S.C. §12102 and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

**2.    What are the benefits of the proposed settlement?**

The Settlement provides for a $80,000.00 settlement fund to be paid by Defendant, which fund will, after deductions for attorneys' fees, litigation costs, costs of administration, and a service award for the Class Representative, be paid out to Class Members who make timely claims showing proof that they are indeed Class Members, in an amount which is proportional to the number of valid claimants, but which grants preference to claimants from California, and not to exceed $1,000.00 per claim.

Under the Settlement Agreement, Yoshinoya America has also agreed to make certain accessibility modifications to the Website and Mobile Applications. Those changes include:

a.    Modifying the Website and Mobile Applications to improve accessibility and to provide individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered through the Website and Mobile Applications by having the Website and Mobile Applications substantially usable by screen reader software for website and mobile applications users in the future. Yoshinoya America shall use WCAG 2.0 Level AA as a guideline in making such improvements. Yoshinoya America can link to third-party websites and/or include third-party content on the Website and Mobile Applications (e.g., any web content that is dictated or generated by a third party and is not owned, coded, managed, and/or operated by the Released Parties (including, but not limited to, plug-ins, forms, PDF files, social media and YouTube© videos)), without being required to undertake,

DocuSign Envelope ID: 289F4839-5693-4707-95FF-28C071E4C89F

to complete remediation for, or to be responsible or liable for any form of third-party content that is incorporated into the Website and Mobile Applications.

### 3.    How could the settlement affect your legal rights?

If Judge John F. Walter approves the proposed settlement, members of the classes will release all claims for discrimination and denial of equal access on the basis of disability arising from Defendant's practices or procedures in connection with, or the condition of, the websites and mobile applications owned or operated by Yoshinoya America at the time of the Court's final approval of the settlement, or as the websites and/or mobile applications may be modified under the terms of the settlement. More specifically, the Settlement Agreement provides as follows:

> In consideration for the mutual promises and covenants set forth or referred to in this Settlement Agreement, the Settlement Classes and each of their respective members, executors, successors, heirs, assigns, administrators, agents and representatives (collectively referred to as the "Releasing Parties"), releases the Released Parties from any and all claims, counter-claims, liabilities, obligations, demands, and actions of any and every kind or nature whatsoever, known or unknown, that the Releasing Parties may have against the Released Parties for discrimination and/or denial of equal access to or enjoyment of any goods, services, facilities, privileges, advantages, or accommodations based upon a disability under the common law or any state, local or federal statute, rule or regulation, arising from Defendant's practices or procedures in connection with, or the condition of, the Websites and Mobile Applications owned or operated by Defendant.  This release includes but is not limited to any and all claims that have arisen or might have arisen that could have been asserted in the Action, including claims in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), the Unruh Civil Rights Act (Cal. Civil Code §§ 51 *et seq.*), the Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.*), any other state, local or federal statute, rule, or regulation, or common law that governs, addresses or affects the rights of individuals with disabilities to gain equal or full access to or enjoyment of places of public accommodation or places open to the public. This release includes, but is not limited to, claims for class-wide injunctive or declaratory relief alleging a class-wide pattern and practice of disability-based discrimination in connection with, or an unlawful disparate impact associated with, access to or enjoyment of the Defendant's Website and Mobile Applications.  This release includes any claims for damages, fines or penalties in amounts statutorily authorized (including as determined by reference to minimum or other prescribed

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

FP 39240982.6

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

amounts) for violations of the State Disability Statutes, but does not include claims for monetary damages (including as they may be multiplied) in individualized amounts recoverable by a Settlement Class Member that, under the State Disability Statutes or common law, are determined, not by reference to a minimum or other statutorily prescribed amount, but by the actual harm, loss, bodily injury, injury to property, emotional distress, or economic damage allegedly suffered by a Class Member. By way of example, this release includes claims for the $4,000 and $1,000 minimum damages authorized in California Civil Code Section 52(a) and Section 54.3, respectively. This release is intended to bind all Settlement Classes and its members and to preclude such Settlement Classes and its members from asserting or initiating, either individually or through any third party, future claims with respect to the issues in this Action or the subject matter of this Settlement Agreement.

**4.    What service payment is the Named Plaintiff seeking for the work she performed for the Class?**

In recognition of the Named Plaintiff's role in prosecuting this Action, Class Counsel has filed a motion for an award of a service enhancement payment of no more than $2,500.00 to be paid by Yoshinoya America, which motion shall be heard at the time of the Final Approval and Fairness Hearing. Class Counsel shall file this motion within fourteen (14) days after the Court enters the Preliminary Approval Order.

**5.    What attorneys' fees and what reimbursement of out-of-pocket costs are Class Counsel seeking?**

Class Counsel is applying to the Court to be paid attorneys' fees and costs in the aggregate amount of no more than $27,500.00.

**6.    Requests for Exclusion from the Settlement.**

Any Class Member may opt out of the Class by submitting a written Request for Exclusion with the Settlement Administrator at the address provided in response to Paragraph 11 below. To be timely, a Request for Exclusion must be postmarked no later than _____. Requests for Exclusion must state at least the member of the Settlement Classes' full name, address, and telephone number; a statement that the member of the Settlement Classes wishes to be excluded from the settlement; and the

case name and case number.  Every member of the Settlement Classes who does not timely and properly submit a Request for Exclusion from the Settlement Classes shall be bound by all proceedings, orders, and judgments in the Class Action.  All members of the Settlement Class agree that the satisfaction of all the Released Claims against the Defendant, as well as entry of the Final Approval Order, shall be binding upon all member of the Settlement Classes.

**7.   When and where will the Final Approval and Fairness Hearing take place?**

On _____, Judge Walter granted preliminary approval to the proposed settlement. After considering the comments and/or objections received from members of the Settlement Class, if any, Judge Walter will next decide whether or not to: (1) grant final approval of the settlement; (2) grant Class Counsel's application for fees and costs; and (3) award a service enhancement payment to the Named Plaintiff. A hearing will be held on _____ at _____, in the courtroom of the Honorable John F. Walter, United States District Court for the Central District of California, Courtroom 7A, 350 W. 1st Street, Los Angeles, CA 90012.

You may attend this hearing at your own expense but are not obligated to do so. If you choose to attend, you may request an opportunity to speak or be heard, but the Court is not required to allow it. You may retain an attorney at your own expense to represent you but are not required to do so. If you intend to attend the fairness hearing, you must send a written notice of intent to appear to Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010, Telephone: (213) 381-9988. Your notice of intent to appear must include at least your name, address, and telephone number, a reference to the lawsuit, a statement that you intend to appear at the hearing and must be postmarked no later than _____. If you wish to speak or be heard at the hearing, you also must include this request in your notice of intent to appear.

**8.   How Much Are Costs for Claims Administration?**

Requests for bids for claims administration have been placed to claims administrators KCC LLC and Epiq. Claims administration costs are estimated at $_____ and will be paid from the Settlement Fund.

**9.    How Much Money Will Be Left Over for Payment to Class Members from the Settlement Fund?**

Defendant Yoshinoya America will pay $80,000.00 into a settlement fund. Attorneys' fees and litigation costs, estimated at $27,500, if approved, the Class Representative's Service Award estimated at $2,500, if approved, and costs for claims administration, estimated at $_____ will be subtracted from the settlement fund before any payments are made. Then, claims will be paid on a pro rata basis, except that California residents will receive a larger share due to the existence of a California cause of action with statutory damages in this case. No award will exceed $1,000.

**10.    What Are My Options?**

**a. Do Nothing.**

You are not required to take any action. If you do nothing, you will not receive monetary compensation from this settlement. You will, however, enjoy the benefit of the injunctive relief, should this settlement be finally approved. You will be bound by the settlement, and your claims under this lawsuit will be extinguished.

**b. Submit a Claim Form.**

The Claim Form is included below. If you complete the claim form, verifty it, attach evidence that you are disabled under the meaning of the ADA, and mail your package to the claims administrator by First Class U.S. Mail at [INSERT ADDRESS] by the Claims Deadline, you may be paid up to $1,000. The possibility of payment is contingent upon the Claims Administrator evaluating your proof and judging you to be a member of the class, and its size is contingent upon the number of Qualifying Claimants, and whether or not you are a California resident. The Claims Deadline is 120 days after Final Approval of the Settlement is granted. The Final Approval Hearing

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

is set for [INSERT DATE]. The Final Approval Order, along with the Claims Deadline based on its date, will be posted on the Settlement Website, at [INSERT WEBSITE NAME].

### c. Object to the Settlement

You can object to the settlement, including any objection to Class Counsel's request for attorneys' fees and costs, telling the Court the reasons why you do not think the settlement should be approved. If you object, you will remain a Class Member and will be bound by the settlement should it be finally approved by the Court. Your objection must include:

- The name of the proceeding, *Brett Desalvo v. Yoshinoya America, Inc.,* Case No. 2:30-cv-00676 (C.D. Cal.)
- Your full name and address;
- A written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal or factual support you wish to bring to the Court's attention;
- Any evidence or other information you wish to introduce in support of the objections;
- Evidence or other information showing you are a member of the Class; and
- A statement of whether you or your counsel intends to appear and argue at the Final Approval Hearing. If you or your counsel intends to appear and argue at the Final Approval Hearing, your written objections must also include the identity of any witnesses, if any, you intend to introduce into evidence at the hearing.

Your objection must be mailed by First Class U.S. Mail to the Court and to the Claims Administrator and must be postmarked by _____. The Court's Address is: Judge John F. Walter, United States District Court for the Central District of California, Courtroom 7A, 350 W. 1st Street, Los Angeles, CA 90012. The Claims Administrator's

Address is:    DeSalvo v. Yoshinoya America, Claims Administrator, [INSERT ADDRESS].

### d. Opt Out of the Settlement

Any Class Member may opt out of the Class by submitting a written Request for Exclusion, attached below, with the Settlement Administrator at [INSERT ADDRESS]. To be timely, a Request for Exclusion must be postmarked no later than _____. Requests for Exclusion must state at least the member of the Settlement Classes' full name, address, and telephone number; a statement that the member of the Settlement Classes wishes to be excluded from the settlement; and the case name and case number. Every member of the Settlement Classes who does not timely and properly submit a Request for Exclusion from the Settlement Classes shall be bound by all proceedings, orders, and judgments in the Class Action. All members of the Settlement Class agree that the satisfaction of all the Released Claims against the Defendant, as well as entry of the Final Approval Order, shall be binding upon all member of the Settlement Classes. Any Class Member who submits a timely exclusion to the settlement will not be bound by the terms of the settlement and will not extinguish any claims thereby. Any such Class Member also will not participate in the settlement and will not recover any funds thereby.

### 11.    How can you get more information?

You can obtain a copy of the complete Settlement Agreement from Class Counsel using the contact information listed below. You may also inspect the non-confidential parts of the case file in this lawsuit by going to the website of the U.S. District Court for the Central District of California (www.pacer.gov). Additionally, information and case documents will be posted on the Settlement Website [INSERT WEBSITE NAME]. Finally, you may contact the Claims Administrator at 1-800 [INSERT NUMBER] or at [INSERT ADDRESS].

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

Dated: December ___, 2020                     **FISHER & PHILLIPS LLP**


By: _____
       Tyler J. Woods
       Lauren Stockunas
       Attorneys for Defendant
       YOSHINOYA AMERICA, INC.



Dated: December ___, 2020                     **WILSHIRE LAW FIRM**

By: /s/ Thiago Coelho_____

       Thiago Coelho, Esq.
       Attorneys for Named Plaintiff
       BRETT DESALVO

## **REQUEST FOR EXCLUSION**

*Brett Desalvo v. Yoshinoya America, Inc.,* Case No. 2:30-cv-00676 (C.D. Cal.)

IF YOU DO NOT WISH TO RECEIVE ANY SETTLEMENT PAYMENT FROM THIS CLASS ACTION, AND YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT AND RETAIN ANY CLAIMS YOU MAY HAVE AGAINST YOSHINOYA AMERICA, INC., YOU MUST COMPLETE, SIGN, AND RETURN THIS FORM WITH ANY NECESSARY DOCUMENTS BY U.S. MAIL BY [DATE] TO:

DeSalvo v. Yoshinoya America, Inc.
Claims Administrator
[ADDRESS]

I.    CLAIMANT INFORMATION:

Name (Last, First, Middle Initial)_____

Current Street Address _____

City_____, State _____ Zip Code _____

ADA Disability_____

Approximate Date that Website was Visited _____

II.    OPT OUT VERIFICATION

By submitting this request, I am hereby opting out of receiving any settlement payment or enjoying in the settlement in any way in the case *Brett Desalvo v. Yoshinoya America, Inc.,* Case No. 2:30-cv-00676 (C.D. Cal.). This means that I am choosing NOT to participate in this lawsuit and, as such, am NOT releasing any claims, damages, remedies sought or causes of action alleged in this lawsuit or that could have been alleged based on the pleaded allegations to the extent they concern claims, damages, remedies sought or causes of actions alleged.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the information I provided in this Request for Exclusion is true and correct.

Executed on _____, 2021 at _____,_____.

(date)                                (city)                (state)

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

(signature)

_____
(print name)

FP 39240982.6

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

# CLAIM FORM

*Brett Desalvo v. Yoshinoya America, Inc.,* Case No. 2:30-cv-00676 (C.D. Cal.)

I HEREBY SUBMIT THIS CLAIM FOR REIMBURSEMENT IN THE ABOVE TITLED ACTION. I VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT I HAVE MADE NO OTHER CLAIM AND THAT THIS IS THEREFORE MY ONLY CLAIM FOR REIMBURSEMENT IN THIS ACTION. I ACKNOWLEDGE THAT TO OBTAIN ANY PAYMENT ON THIS CLAIM I MUST SUBMIT THIS FORM ALONG WITH ANY NECESSARY DOCUMENTATION TO THE CLAIMS ADMINISTRATOR BY U.S. MAIL, BY [DATE] TO::

DeSalvo v. Yoshinoya America, Inc.
Claims Administrator
[ADDRESS]

NO CLAIM WILL BE PAID WITHOUT PROOF OF LEGALLY BLIND STATUS. PROOF MUST BE ATTACHED TO THIS FORM. PROOF MAY BE SUBMITTED IN THE FORM OF A DOCTOR'S NOTE, SIGNED BY A MEDICAL DOCTOR, OR OTHER MEDICAL RECORD, SIGNED BY A MEDICAL DOCTOR, PROVING THAT THE SIGNATORY TO THIS FORM IS LEGALLY BLIND.

III.  CLAIMANT INFORMATION:

Name (Last, First, Middle Initial)_____
Current Street Address _____
City_____, State _____ Zip Code _____
ADA Disability_____
Major Life Activity Which Is Substantially Limited _____
(attach medical doctor's note or medical record signed by medical doctor or other proof under 42 U.S.C. § 12102 proving disability)
Approximate Date that Website* was Visited and Reason for Visiting Website
_____
_____
_____
_____

*In order to receive payment, the claimant must have visited www.yoshinoyaamerica.com, (the "Website")

Issues Encountered on the Website that Prevented It from Working with Your Screen-

Reader*_____

_____

*In order to receive payment, you must describe at least one issue you encountered on the website which prevented it from working with your screen-reader.

IV.    CLAIM VERIFICATION

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

By submitting this claim, I am hereby providing my one and only request for payment in this action.  I am verifying that I am legally blind, and that I visited the website at issue in this case for the above-stated reasons, and encountered the above-stated issues which prevented me from accessing the website fully.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the information I provided in this Claim Form is true and correct.

Executed on _____, 2020 at _____,_____.
                (date)                          (city)             (state)

_____
 (signature)

_____
          **(print name)**

**EXHIBIT B**

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

**FP 39240982.6**

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

**WILSHIRE LAW FIRM**
BOBBY SAADIAN, (SBN 250377)
bobby@wilshirelawfirm.com
THIAGO M. COELHO, (SBN 324715)
thiago@wilshirelawfirm.com
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff
BRETT DESALVO and Proposed Class

TYLER J. WOODS, SBN 232464
E-Mail twoods@fisherphillips.com
LAUREN STOCKUNAS, SBN 316800
E-Mail lstockunas@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152
Attorneys for Defendant
YOSHINOYA AMERICA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT DESALVO, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>YOSHINOYA AMERICA, INC. a Delaware corporation; and Does 1 to 10, inclusive,<br><br>       Defendants. | Case No. 2:20-cv-00676-JFW-SK<br>*Honorable Judge John F. Walter and Honorable Magistrate Judge Steve Kim*<br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF JOINT MOTIONS FOR: (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES**<br><br>Date:<br>Date<br><br>Time:<br>Time<br><br>Courtroom:<br>Dept |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

Complaint Filed: January 22, 2020

This matter is before the Court on the joint motion for preliminary approval of class action settlement and conditional certification of settlement classes (the "Motion") of plaintiff Brett DeSalvo ("Named Plaintiff") and defendant Yoshinoya America, Inc ("Defendant").   The Motion seeks, among other things, the Court's preliminary approval of the Class Action Settlement Agreement And Release (the "Settlement Agreement") entered into between Named Plaintiff, on the one hand, and Defendant, on the other hand.

Having considered the Motion as presented in the supporting papers, the absence of opposition to the Motion, and the Court having found that the proposed resolution of this matter set forth in the Settlement Agreement, taken as a whole, is fundamentally fair, adequate, and reasonable to all concerned, and for other good cause shown, the Court hereby Orders as follows:

1.    Conditioned on the Court's final approval of the proposed Settlement Agreement, the Court hereby grants preliminary approval to the proposed Settlement Agreement as it finds that, taken as a whole, the proposed settlement is fundamentally fair, adequate, and reasonable to all concerned.

2.    Conditioned on the Court's final approval of the proposed Settlement Agreement, and pursuant to Rules 23(c) and 23(g) of the Federal Rules of Civil Procedure, the following classes shall be certified as settlement classes, with Wilshire

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

Law Firm appointed as class counsel of these classes ("Class Counsel"), and Named

Plaintiff appointed as class representative:

        a.    <u>The Nationwide Class</u>:  All individuals who (a) have a disability, as

that term is defined under the Americans with Disabilities Act, the "ADA" 42 U.S.C.

§12102 and similar state and local disability laws, and (b) have accessed the Website

and Mobile Applications, and (c) have been denied equal access as a result of their

disability.

        b.    <u>The California Class</u>:  All individuals in the State of California who

(a) have a disability, as that term is defined under the ADA and similar state and local

disability laws, and (b) have accessed the Website and Mobile Applications, and (c)

have been denied equal access as a result of their disability.

        3.    Conditioned on the Court's final approval of the proposed Settlement

Agreement, and pursuant to Rules 23(b) and 23(d) of the Federal Rules of Civil

Procedure, the Court shall approve the proposed Notice of Proposed Settlement of Class

Action and Fairness Hearing, attached as Exhibit A to the Settlement Agreement.

        4.    Conditioned on the Court's final approval of the proposed Settlement

Agreement, and pursuant to Rules 23(b) and 23(d) of the Federal Rules of Civil

Procedure, the Court shall approve the method of notice set forth in, among other places,

the Settlement Agreement; and

        5.    Conditioned on the Court's final approval of the proposed Settlement

Agreement, and pursuant to Rules 23(b) and 23(e) of the Federal Rules of Civil

Procedure, a final hearing on the approval of the Settlement Agreement will be held by this Court on _____ , **2020 at 9:30 a.m**.

6.    No later than fourteen days after entry of this Order, Notice of the Final Approval and Fairness Hearing (in the form appended to the Settlement Agreement as Exhibit A), shall be provided in the following manner:

a.    Class Counsel will e-mail or mail a copy of the Notice of Pendency to each individual known to Class Counsel to have a disability and to have expressed any concerns similar to those which Named Plaintiff has alleged in his Complaint.

b.    Defendant will make reasonable efforts, and will bear the costs, to publish the Notice in the next edition of the regularly-circulating publications of the National Federation of the Blind, the American Council of the Blind, The American Foundation for the Blind, National Association for the Deaf, and the Los Angeles Radio Reader Service.  Counsel for the Parties shall distribute the Notice within 14 calendar days after the Court enters the Preliminary Approval Order. The failure of any Class Members to receive the Notice shall not be a basis for invalidating the Settlement Agreement or any order entered pursuant to the Settlement Agreement, and the settlement shall nevertheless be binding upon all Class Members.

7.    All other proceedings and pretrial and trial deadlines in this matter are hereby stayed pending the Court's ruling on final approval of the Settlement Agreement.


IT IS SO ORDERED.

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

DATED: _____, 2020

*Honorable Magistrate Judge Steve Kim*

_____

*Honorable Judge John F. Walter and*

United States District Judge

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

# EXHIBIT C

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

FP 39240982.6

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

**WILSHIRE LAW FIRM**
BOBBY SAADIAN, (SBN 250377)
bobby@wilshirelawfirm.com
THIAGO M. COELHO, (SBN 324715)
thiago@wilshirelawfirm.com
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff
BRETT DESALVO and Proposed Class

TYLER J. WOODS, SBN 232464
E-Mail twoods@fisherphillips.com
LAUREN STOCKUNAS, SBN 316800
E-Mail lstockunas@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152
Attorneys for Defendant
YOSHINOYA AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT DESALVO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOSHINOYA AMERICA, INC. a Delaware corporation; and Does 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00676-JFW-SK<br>*Honorable Judge John F. Walter and Honorable Magistrate Judge Steve Kim*<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF JOINT MOTIONS FOR: (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES**<br><br>Date:<br>Date<br><br>Time:<br>Time<br><br>Courtroom:<br>Dept |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
FP 39240982.6

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

_____ | Complaint Filed: January 22, 2020

This matter came before the Court on the joint motion for final approval of class action settlement and conditional certification of settlement classes (the "Motion") of plaintiff Brett DeSalvo ("Named Plaintiff") and defendant Yoshinoya America, Inc ("Defendant"). The Court has considered the substantial briefing and the argument of counsel for the Parties since the initial submission of their preliminary approval papers on _____ and on the hearing on this matter. The Court has also considered the entirety of the record in this action in issuing the below ruling.

The Court having found that the proposed resolution of this matter set forth in the Class Action Settlement Agreement And Release, taken as a whole, is fundamentally fair, adequate, and reasonable to all concerned, and for other good cause shown, the Court hereby Orders as follows:

1.     The following classes are certified as settlement classes under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure:

    a.     The Nationwide Class:  All individuals who (a) have a disability, as that term is defined under the Americans with Disabilities Act, the "ADA" 42 U.S.C. §12102 and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

    b.     The California Class:  All individuals in the State of California who (a) have a disability, as that term is defined under the ADA and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

2.   The Court hereby grants final approval to the Revised Settlement Agreement as it finds that, taken as a whole, the settlement and compromise contained in that Settlement Agreement is fundamentally fair, adequate, and reasonable to all concerned.

FP 39240982.6

DocuSign Envelope ID: 289F4839-5693-4707-95FF-26C071E4C89F

IT IS SO ORDERED.

DATED: _____, 2020

*Honorable Magistrate Judge Steve Kim*

_____

*Honorable Judge John F. Walter and*

United States District Judge

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

FP 39240982.6