| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 20-676-JFW(SKx)** | Date:  August 16, 2022 |

Title:   Brett DeSalvo -v- Yoshinoya America, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION

**I.   Factual and Procedural Background**

On January 22, 2020, Plaintiff Brett DeSalvo ("Plaintiff"), individually and on behalf of all others similarly situated, filed a Class Action Complaint ("Complaint") in this Court against Defendant Yoshinoya America, Inc. ("Defendant"), alleging claims for: (1) violation of the Americans with Disability Act of 1990, 42 U.S.C. § 12181 (the "ADA"); and (2) violation of the Unruh Civil Rights Act (the "Unruh Act").  In his Complaint, DeSalvo alleged this Court has jurisdiction pursuant to 28 U.S.C. 1331, federal question jurisdiction, and 28 U.S.C. 1332(d), the Class Action Fairness Act ("CAFA").  Complaint, ¶¶ 8 and 10.  Plaintiff also alleges that he brought "this Class Action to secure redress against Defendant . . . for its failure to design, construct, maintain and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually impaired people."  Complaint, ¶ 2.

On April 22, 2022, DeSalvo's counsel filed a Notice and Statement of Death, informing the Court that Plaintiff had died on October 5, 2021.  *See* Docket No. 34.  On July 15, 2022, the parties filed a Stipulation to Substitute Wendy Miller Lum in Place of Plaintiff Brett DeSalvo Pursuant to Fed. R. Civ. P. 25(a)(1) ("Stipulation").  *See* Docket No. 42.  In the Stipulation, the parties seek to have Wendy Miller Lum ("Lum"), who is DeSalvo's mother, replace DeSalvo as the named plaintiff.

On July 20, 2022, the Court issued and Order to Show Cause ("OSC"), ordering Plaintiff to show cause why: (1) the Court should not dismiss DeSalvo's ADA claim as moot; (2) the Court should not strike the class allegations in the Complaint for lack of an adequate class representative; and (3) the Court should not decline to exercise CAFA jurisdiction under the local

controversy exception and/or the home state exception to CAFA. On July 27, 2022, Plaintiff filed his Response.

II.     Discussion

    A.     **The Court Must Decline to Exercise CAFA Jurisdiction**

In his Response, Plaintiff did not address why the Court should not decline to exercise CAFA jurisdiction under the local controversy exception and/or the home state exception to CAFA. Instead, Plaintiff simply stated that "[b]ecause the Court possesses supplemental jurisdiction over DeSalvo's Unruh Civil Rights Act state law claim, which is premised on DeSalvo's ADA claim, Cal. Civ. Code § 51(f), the Court need not dismiss this action for lack of jurisdiction even if the Court lacks CAFA jurisdiction under either the Local Controversy exception or the Home State [exception.]" Response, 7:6-10.

        1.     **Legal Standard for the Local Controversy Exception and Home State Controversy Exception to CAFA**

Under CAFA, federal courts have original diversity jurisdiction over class actions when the following four prerequisites are satisfied: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2)); (2) diversity of citizenship exists between at least one plaintiff and one defendant (*i.e.* there is at least "minimal diversity") (28 U.S.C. § 1332(d)(2)); (3) the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" (28 U.S.C. § 1332(d)(5)(A)); and (4) the number of members of all proposed plaintiff classes in the aggregate is at least 100 (28 U.S.C. § 1332(d)(5)(B)). 28 U.S.C. § 1332(d)(1), (2), and (5); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007) (explaining that the requirements of § 1332(d)(5) are part of the prerequisites for jurisdiction, rather than exceptions to jurisdiction); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (explaining the concept of "minimal diversity," as distinct from "complete diversity"). However, Section 1332(d)(4) sets out two circumstances that require district courts to decline to exercise jurisdiction – the local controversy exception and home state controversy exception. Pursuant to Section 1332(d)(4)(A), the local controversy exception provides that a "district court shall decline to exercise jurisdiction" over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy. Specifically, the local controversy exception provides that:

A district court shall decline to exercise jurisdiction under [§ 1332(d)(2)] –

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

    (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

In addition, the home state controversy exception provides that "[a] district court shall decline to exercise jurisdiction under [§ 1332(d)(2)] . . . (B) where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." "The CAFA mandatory abstention provisions [of 28 U.S.C. § 1332(d)(4)(A) and (B) ] are 'designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.'" *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011) (*quoting Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006)).

### 2. The Local Controversy Exception and Home State Controversy Exception Apply to This Case

    In this case, and in the absence of any argument or facts from the Plaintiff to the contrary, the Court concludes that all of the requirements of both local controversy mandatory abstention under 28 U.S.C. § 1332(d)(4)(A) and home state controversy mandatory abstention under 28 U.S.C. § 1332(d)(4)(B) are satisfied. Indeed, "it is difficult to imagine a putative class action controversy that is more 'strongly linked' to a specific and individual state, rather than representing genuinely national litigation." *Bey v. SolarWorld Industries America, Inc.*, 904 F.Supp. 2d 1096 (D. Or. 2012). In his Complaint, Plaintiff alleged that Defendant was a Delaware corporation with its headquarters in Torrance, California. Complaint, ¶ 5. As a result, Defendant is a citizen of California. In addition, Plaintiff alleged two putative classes in his Complaint: (1) a nationwide class consisting of "all legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment of this action; and (2) a California class consisting of "all legally blind individuals in the State of California who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action." With respect to the California class, common sense tells the Court that it is highly likely that greater than two-thirds of the putative class were, like Plaintiff, citizens of California. *Bey*, 904 F.Supp. 2d at 1101 ("In determining whether the requirements of the 'local controversy' exception or the 'home-state controversy' exception have been satisfied, it is permissible for a court to apply common sense and reasonable inferences"). Similarly, with respect to the nationwide class, the only locations for Defendant's restaurants in the United States appear to be in California and, as a result, common sense tells the Court that it is highly likely that greater than two-thirds of the

putative class were, like Plaintiff, citizens of California because a large number of legally blind people from outside of California would not be attempting to access Defendant's website when Defendant's restaurants are not located in their geographic area. Accordingly, because the Court concludes that all the requirements of both the local controversy exception and the home state controversy exception are satisfied, the Court declines to exercise CAFA jurisdiction.

### B.  Plaintiff's Death Extinguished His ADA Claim

The Court also concludes that DeSalvo's death extinguishes his ADA claim. The only remedy available to private litigants under Title III of the ADA is injunctive relief.[1] *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (*citing* 42 U.S.C. § 12188(a)). Because "there is necessarily no prospect of future injury" to DeSalvo, DeSalvo's death renders his ADA claim moot. *Kalani v. Starbucks Coffee Co.*, 698 Fed Appx. 883, 885 (9th Cir. 2017) (*citing Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016)) ("We vacate the district court's judgment in regard to the ADA claims and remand with instructions to dissolve the injunction. During the pendency of this appeal, Robert Kalani passed away, and his widow, Rose Mary Kalani, the personal representative of his estate, was substituted as Plaintiff-Appellee. Because the only remedy available to private litigants under Title III is injunctive relief . . . Robert Kalani's death renders his claims under the ADA moot, as there is necessarily no prospect of future injury"). Because DeSalvo's death extinguished his ADA claim and his ADA claim is now moot, Lum cannot be properly substituted as the named plaintiff for this claim. *Id.; see also Barria v. Yu*, 2010 WL 2653322 (S.D. Cal. July 1, 2010). Accordingly, the Court dismisses with prejudice Plaintiff's ADA claim as moot.

### C.  The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

DeSalvo's death did not extinguish his Unruh Act claim. *See Kalani*, 698 Fed. Appx. at 885; *see also* Cal. Civ. Code § 52. However, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

In his Response, although Plaintiff notes that the Court possesses supplemental jurisdiction

---

[1] Although Plaintiff cites several cases in his Response for the proposition that DeSalvo's death did not extinguish his ADA claim, all of the cases cited by Plaintiff involve Title II of the ADA, which allows a private litigant to recover monetary damages under certain circumstances, and not Title III, which does not allow a private litigant to recover monetary damages.

over Plaintiff's Unruh Act claim, Plaintiff fails to make any argument as to why the Court should do so. The Court concludes that retaining Plaintiff's Unruh Act claim would require "the expenditure of substantial additional judicial time and effort." *See Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Moreover, "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). As a result, the Court concludes that the interests of "economy, convenience, fairness, and comity" weighs strongly in favor of declining jurisdiction over Plaintiff's state law claim. Accordingly, in light of the fact that the Court has dismissed Plaintiff's ADA claim and must decline to exercise CAFA jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. 28 U.S.C. § 1367(c).

## III.   Conclusion

For all the foregoing reasons, the Court **DECLINES** to exercise CAFA jurisdiction in this case, the Court **DISMISSES with prejudice** Plaintiff's ADA claim as moot, and the Court **DISMISSES without prejudice** Plaintiff's Unruh Act claim,

IT IS SO ORDERED.